IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| G.F. KELLY TRUCKING, INC.; and GUY KELLEY, individually,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., And fictitious defendants A, B and C, whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the plaintiffs, all of whose true and correct names are unknown to plaintiffs at this time, but will be added by amendment when ascertained,<br><br>    Defendants. | CIVIL ACTION NO:<br>3.06 CV 351-VPM |

## ANSWER

For Answer to the Complaint, U.S. Xpress Enterprises, Inc. (hereinafter "U.S. Xpress" and/or "Defendant") says as follows:

## STATEMENT OF PARTIES

1. On information and belief, admitted.

2. On information and belief, admitted.

B DBH 707832 v1
2016317-000055 04/18/2006

3. It is admitted that Defendant is a foreign corporation with its principle place of business in Tennessee.

4. The allegations of this paragraph do not call for a response from this Defendant.

## PLAINTIFFS' ALLEGATIONS OF FACT

5. On information and belief, admitted.

6. Defendant admits that it sent a letter dated June 29, 2005 to Plaintiffs expressing interest in acquiring certain assets of Plaintiff, G.F. Kelly Trucking, Inc. ("Kelly Trucking").

7. The letter dated June 29, 2005 speaks for itself. See Defendant's response to paragraph 6. Unless otherwise specifically admitted, all other allegations of this paragraph are denied.

8. Defendant admits that it entered into a confidentiality agreement with Plaintiffs. Unless otherwise specifically admitted, all other allegations of this paragraph are denied.

9. Defendant admits that Plaintiff Guy F. Kelly ("Kelly") sent an email message to Defendant dated July 27, 2005 regarding insurance premiums. Defendant further admits that it continued its due diligence investigation. Unless otherwise specifically admitted, all other allegations of paragraph 9 are denied.

2

10. Defendant admits that there was an Asset Purchase Agreement ("the Agreement"). Unless otherwise specifically admitted, all other allegations of paragraph 10 are denied.

11. It is admitted that Defendant did not purchase the assets of Plaintiffs and that there was no closing. Unless otherwise specifically admitted, all other allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are denied.

14. It is admitted that Ray Harlin, Executive Vice President--Finance for Defendant sent a letter to Plaintiffs dated August 25, 2005. The August 25, 2005 letter speaks for itself. Unless otherwise specifically admitted, all other allegations of paragraph 14 are denied.

15. Denied.

## COUNT ONE

16. This paragraph does not call for a response.

17. Denied.

18. Denied.

19. Denied.

B DBH 707832 v1
2016317-000055 04/18/2006

## COUNT TWO

20. This paragraph does not call for a response.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT THREE

25. This paragraph does not call for a response.

26. Denied.

27. Denied.

28. Denied.

## COUNT FOUR

29. This paragraph does not call for a response.

30. Denied.

31. Denied.

## DEFENSES

A. Defendant denies each and every material allegation of the complaint and demands strict proof of each and every claim.

B. Defendant denies that it owed Plaintiffs a duty or that it breached any duty owed to Plaintiffs.

4

C.  An award of punitive damages in this action would violate the due process and equal protection rights of the Defendant pursuant to Amendment XIV of the Constitution of the United States of America. Alabama's laws regarding punitive damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide Defendant with sufficient notice of (a) the type of conduct that may result in an award of punitive damages or (b) the amount of punitive damages that might be awarded as a result of particular types of conduct. Instructions given to jurors provide no meaningful limitations on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on the instructions to the jury at the trial.

D.  Plaintiffs' claim for punitive damages would violate Defendant's rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitutions of the United States of America and Article I, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

E.  Defendant denies that it is guilty of any conduct that would entitle Plaintiffs to punitive damages.

B DBH 707832 v1
2016317-000055 04/18/2006

F.   Defendant reserves the right to assert any such additional defenses as may arise during its investigation or otherwise during the course of this litigation.

/s/ David B. Hall
Lawrence B. Clark (CLA012)
David B. Hall (HAL052)
Attorneys for Defendant
U.S. Xpress Enterprises, Inc.

OF COUNSEL:
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties or their counsel of record by placing same in the U.S. Mail, postage pre-paid and properly addressed as follows, on this the 21st day of April, 2006.

Jere L. Beasley
W. Daniel Miles
Clinton C. Carter
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

/s/ David B. Hall
OF COUNSEL

6