# DEFENDANT'S EXHIBIT "12"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Eastern Division

G.F. KELLY TRUCKING, INC.; and        )
GUY KELLY, individually,              )
                                      )
                                      )
        Plaintiff,                    )        CIVIL ACTION NO:
                                      )        3:06-CV-351-MEF
v.                                    )
                                      )
U.S. XPRESS ENTERPRISES, INC.;        )
et al.,                               )
                                      )
        Defendants.                   )

## PLAINTIFF'S RESPONSE TO U.S. XPRESS ENTERPRISES, INC.'S FIRST SET OF REQUEST FOR PRODUCTION

Plaintiff responds to the Defendant U.S Xpress, Inc.'s First Set of Requests for Production as follows:

1.    The June 29, 2005, letter from Ray M. Harlin referenced in paragraph 6 of the Complaint, including any and all enclosures.

**ANSWER:    Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

2.    The Confidentiality Agreement referenced in paragraph 8 of the Complaint, including all revisions, amendments, drafts, versions or red-lined copies of the said Agreement.

**ANSWER:    Copies of all documents in Plaintiff's possession responsive to this request are being produced.**



DEFENDANT'S
EXHIBIT

12

3.    The Asset Purchase Agreement referenced in paragraph 10 of the Complaint, including all revisions, amendments, drafts, versions or red-lined copies of the said Agreement.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

4.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of either or both of the Plaintiffs that may be used to support the Plaintiffs' claims.

**ANSWER:**    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

5.    An itemized statement of damages claimed by Guy F. Kelly and G. F. Kelly Trucking, Inc., separately and severally, and any documents or things that evidence, refer or relate to the damages they claim in this lawsuit, including but not limited to documents and things pertaining to all injuries they claim they have suffered as a consequence of USX's conduct.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

6.    Documents and things that evidence, refer or relate to all shipments, deliveries, or transportation activities performed by Plaintiffs between January 1, 2003, to present, including but not limited to all invoices, work orders, payment remittances, payroll information or drivers' manifests.

2

**ANSWER**:  Copies of all documents in Plaintiff's possession responsive to this request are being produced.

7.     G. F. Kelly Trucking, Inc.'s federal and state tax returns, including all schedules, from the years of 2003 to present.

**ANSWER**:  Copies of all documents in Plaintiff's possession responsive to this request are being produced.

8.     G. F. Kelly Trucking, Inc.'s financial records, including but not limited to its financial statements, balance sheets, cash flow statements, income and expense statements, ledgers, statements of account, electronic copies of its Quick Books and/or any bookkeeping records whether in documentary or electronic format, and any documents or things that evidence, refer or relate to the financial condition of G. F. Kelly Trucking, Inc. during the time period beginning on January 1, 2003, and ending on the present date.

**ANSWER**:  Copies of all documents in Plaintiff's possession responsive to this request are being produced.

9.     Guy Kelly's federal and state tax returns, including all schedules, from the years of 2003 to present.

**ANSWER**:  Copies of all documents in Plaintiff's possession responsive to this request are being produced.

10.     Any and all communications or records reflecting the substance of any communications, whether written, typed or electronic, between Plaintiffs and USX.

3

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

11.    Any and all communications or records reflecting the substance of any communications made or recorded in the year 2005, whether written, typed or electronic, between Plaintiffs and any entity or person to whom the Plaintiffs were indebted or obligated to pay monies, including but not limited to creditors, insurers, governmental agencies, suppliers and/or lessors.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

12.    Any and all communications or records reflecting the substance of any communications made or recorded between January 1, 2003, and the present, whether written, typed or electronic, between Plaintiffs and any person or entity regarding the purchase or potential purchase of G. F. Kelly Trucking, Inc. or any portion of it.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

13.    Any and all communications or records reflecting the substance of any communications made or recorded between January 1, 2003, and the present, whether written, typed or electronic, between or among the officers, directors, agents or employees of G. F. Kelly Trucking, Inc. (other than its attorneys) regarding the facts and/or events underlying this lawsuit, including but not limited to communications about the following matters:

4

a.     The condition or qualifications of the drivers working for G. F.

Kelly Trucking, Inc.

b.     The condition of equipment owned, rented or leased by G. F.

Kelly Trucking, Inc.

c.     The negotiations between Plaintiffs and USX

d.     The due diligence investigation being performed by USX

g.     Any asset purchase agreement or contract existing or being

negotiated between the Plaintiffs and USX

**ANSWER**:     **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

14.     An exact electronic copy of G. F. Kelly Trucking, Inc.'s bookkeeping and/or accounting records, specifically including but not limited to its general ledger, from January 1, 2003, to the present.

**ANSWER**:     **Plaintiff will produce this information.**

15.     Documents and things that evidence, refer or relate to negotiations between the Plaintiffs and USX.

**ANSWER**:     **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

16.     Guy F. Kelly Trucking, Inc.'s policies of liability, cargo, workers compensation and health insurance and all documents or things showing when premium payments were/are due or have become overdue for the time period beginning on January 1, 2003, and ending on the present date.

5

**ANSWER**:   Copies of all documents in Plaintiff's possession responsive to this request are being produced.

17.   Each and every document and thing that evidences, refers or relates to the operating expenses "wrongfully incurred" as alleged in paragraph 13 of the Complaint.

**ANSWER**:   Copies of all documents in Plaintiff's possession responsive to this request are being produced.

18.   The August 25, 2005, letter from Ray M. Harlin referenced in paragraph 14 of the Complaint.

**ANSWER**:   Copies of all documents in Plaintiff's possession responsive to this request are being produced.

19.   Documents and things given to the accountants of G. F. Kelly Trucking, Inc to be used in the preparation of its tax returns and/or other financial records for the years 2003 to present.

**ANSWER**:   Copies of all documents in Plaintiff's possession responsive to this request are being produced.

20.   All working papers of all accountants working for Plaintiffs from January 1, 2003, to the present.

**ANSWER**:   Copies of all documents in Plaintiff's possession responsive to this request are being produced.

21.   Any and all documents and things that evidence, refer or relate to the purchase, lease, rental or use of equipment by G. F. Kelly Trucking, Inc. during the time period of January 1, 2003, to the present, including but not limited

to contracts, leases, rental agreements, promissory notes and/or loan documents.

**ANSWER**: **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

22.    Any and all documents and things that evidence, refer or relate to any investigation by the Department of Transportation (or similar governmental agency charged with regulating the transportation industry) regarding the condition or qualifications of G. F. Kelly Trucking, Inc.'s drivers or equipment between January 1, 2003 to the present.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

23.    Any and all documents and things that evidence, refer or relate to equipment owned or leased by Plaintiffs that is/was out of service between January 1, 2003, and the present, including but not limite to repair records, depreciation schedules and/or inventory lists.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

24.    Any and all documents and things that evidence, refer or relate to each and every client Plaintiffs claim they lost as a consequence of USX's conduct.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

7

25.    Any and all documents and things that evidence, refer or relate to the reduction in Plaintiffs' work force as alleged in paragraph 19 of the complaint.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

26.    Any and all documents and things that evidence, refer or relate to the resignation or termination of any Plaintiffs' employees between January 1, 2003, and the present.

**ANSWER:**    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

27.    Any and all documents and things that evidence, refer, reflect or relate to the decrease in the value of Plaintiffs' business as alleged in paragraph 19 of the Complaint.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

28.    Any and all documents and things that evidence, refer or relate to the "monies owed under the contract" as alleged in paragraph 19 of the Complaint.

**ANSWER:**    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

29.     Any and all documents and things that evidence, refer or relate to the "interest on monies owed under the contract" as alleged in paragraph 19 of the Complaint.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

30.     Any and all documents and things that evidence, refer or relate to the time and expense Plaintiffs claim they spent in negotiating with USX.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

31.     Any and all documents and things that evidence, refer or relate to the operating expenses Plaintiffs claim they wrongfully incurred in paragraph 19 of the Complaint.

**ANSWER**:    **Copies of all documents in Plaintiff's possession responsive to this request are being produced.**

CLINTON C. CARTER (CAR112)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone:    (334) 269-2343
Facsimile:    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the _____ day of October, 2006.


Mr. David B. Hall
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203

# DEFENDANT'S EXHIBIT "13"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Eastern Division

G.F. KELLY TRUCKING, INC.; and )
GUY KELLY, individually, )
)
)
Plaintiff, )          CIVIL ACTION NO:
)          3:06-CV-351-MEF
v. )
)
U.S. XPRESS ENTERPRISES, INC.; )
et al., )
)
Defendants. )

## PLAINTIFF'S RESPONSE TO U.S. XPRESS ENTERPRISES, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff responds to the Defendant U.S Xpress, Inc.'s ("USX") First Set of Interrogatories as follows:

1.      State the name and address of each bank or lending institution that has extended credit to Plaintiffs or the held/holds accounts in the name of the Plaintiffs from January 1, 2003, to the present.

**ANSWER:   See attached Exhibit A.**

2.      State the name and address of any attorney(s) or accountant(s) who advised, counseled, or represented Plaintiffs in the negotiations underlying this lawsuit.

**ANSWER: Wade Hartley, Attorney at Law, Hill, Hill, Carter, Franco, Cole & Black, P.C., Post Office Box 116, Montgomery, Alabama 36101-0116; Sandy Holliday, Attorney at Law, Post Office Box 727, Roanoke, Alabama 36274;**


DEFENDANT'S
EXHIBIT

/3

Dennis D. Hamlet, CPA, Post Office Box 29, Wadley, Alabama 36276; Randall Fant, CPA, Post Office Box 29, Wadley, Alabama 36276.

3.    State the name and address and phone number of any medical or mental health professional who provided treatment for the "mental anguish and emotional distress" you claim "Plaintiff Kelly" suffered in Paragraph 19 of the Complaint.

**ANSWER**:    Dr. Runas Power, Alexander City, Alabama; 256-329-8417; Dr. James Mathews, Auburn, Alabama; 334-749-3385; Dr. Russell Peterson, Roanoke, Alabama; 334-863-2150.

4.    State the name and address and phone number of each officer, director, agent or employee of G. F. Kelly Trucking, Inc. who was involved in any way with the negotiations between the Plaintiffs and USX. For each such person, describe the nature of his or her involvement, when it began, when it ended and, where applicable, state the name of USX employee(s) with whom each such person communicated.

**ANSWER:**

**Guy F. Kelly**



**Nelson A. Chastain**

**Frank Childers**

**J. Randall Fant**



**Hamlet, Dennis D.**

The individuals listed above had communication with various US Xpress employees including, but not limited to, Dennis Farnsworth, William Farris and Jeffrey Wardeberg. Plaintiff will not attempt to narrate the details of such conversations but rather states that the information should be obtained through deposition testimony.

[Interrogatory Number 5 omitted.]

6.    State the name and address and phone number of each person who worked as a driver for G. F. Kelly Trucking, Inc. for any length of time during the time period beginning on January 1, 2003, and ending August 31, 2005. Include in your answer the date each driver began working for G. F. Kelly Trucking, Inc. and, where applicable, the last date each driver worked for G. F. Kelly Trucking, Inc.

**ANSWER:    Plaintiff is producing copies of Driver History Reports, Drivers' Logs and payroll records from which this information may be obtained.**

7.    State the name and address and phone number of each individual you believe may have knowledge relating to the following matters:

      a.  Drivers for G. F. Kelly Trucking, Inc. between January 1, 2003, and August 31, 2005.

   b.  Equipment owned or leased by G. F. Kelly Trucking, Inc. between January 1, 2003, and August 31, 2005.

   c.  Any asset purchase agreement or contract between Plaintiffs and USX

   d.  Negotiations between Plaintiffs and USX

   e.  Finances of G. F. Kelly Trucking, Inc.

   f.  Any and all damages or relief sought by Plaintiffs in the case

   g.  The identity and current residence of all directors, officers, agents and employees of G. F. Kelly Trucking who were involved in any way in the negotiations between Plaintiffs and USX.

**ANSWER**: **See response to interrogatory numbers 2 and 4.**

   8.    To the extent not included in Interrogatory No. 7, state the name and address and phone number of each individual likely to have discoverable information that you may use to support your claims in this lawsuit and, for each such individual, state the subject of information he or she has.

**ANSWER**:  **Mary Kelly, Wadley, Alabama;** ████████████ **Mary Kelly was witness to a conversation that took place on August 20, 2005, with Dennis Farnsworth wherein he guaranteed he would buy the business, close the deal by August 29, 2005.**

     **Hilton Green, Atlanta Commercial Tire, Atlanta, Georgia; 404-351-8016; Hilton Green was contacted by a representative of Defendant US Xpress to set up an account for buying G. F. Kelly Trucking.**

Plaintiff also identifies the following customers of G F. Kelly Trucking whose business was lost as a result of the conduct by Defendant US Xpress: Bowater Paper, Coosa Pines, Alabama; Wabash Alloys, Steele, Alabama; Rainbow Express, Rainbow City, Alabama;

Additional customers will be identified as discovery progresses.

9.    Identify specifically the brand(s), version(s) and date(s) of the software used by G. F. Kelly Trucking, Inc. to maintain its books and accounting records from January 1, 2003, to the present, and identify the person(s) working for G. F. Kelly Trucking, Inc. who are most knowledgeable of how G. F. Kelly Trucking, Inc. used or applied the software.

**ANSWER:    Kelly Trucking uses McLeod Loadmaster Version 5.1 Software for Dispatch, Accounting, Safety, Payroll, and Vehicle Maintenance records.    Tucker McKinney is the employee of G. F. Kelly Trucking, Inc. who is most knowledgeable of the application and use of this software.**

10.    State the name and address and phone number of each individual whom you may call to testify at the trial of this lawsuit and, for each such individual, state the subject matter of his or her testimony.

**ANSWER:    Plaintiff refers Defendant to those individuals identified in the responses to these interrogatories.    Further, Plaintiff will identify any additional witnesses in accordance with the scheduling order entered in this matter and pursuant to the Federal Rules of Civil Procedure.**

11.    State the name and address and phone number of each individual whom you intend to call as an expert witness at the trial of this lawsuit and, for

each such individual, state the subject of his or her expertise, a summary of the facts about which he or she may testify, list each and every opinion that he or she may offer and state the basis of each such opinion.

**ANSWER**:   **No decision has been made as to whether an expert witness will be used at the trial of this case.   This information will be provided in accordance with the scheduling order entered by the Court and pursuant to the Federal Rules of Civil Procedure.**

12.    Do Plaintiffs have any electronic communications concerning USX that they have not printed or produced?  If so, identify each such communication by its date, sender(s), recipient(s) and location and state the reason Plaintiffs have not printed and produced such communication.

**ANSWER**:   **All electronic communications concerning Defendant USX in the possession of Plaintiff have been printed for production to Defendant.**

13.    Are Plaintiffs withholding any document or thing that has been requested by USX in discovery or that is otherwise subject to disclosure under Rule 26 of the Federal Rules of Civil Procedure?  If so, describe each such document or thing, state its location and state the reason Plaintiffs have not produced it.

**ANSWER**:   **Plaintiff is not withholding any documents other than those protected by privilege, if any.  Plaintiff will provide a privilege log of any documents withheld.**

14.    Have Plaintiffs destroyed or lost any document or thing that is responsive to USX's discovery requests or that is otherwise subject to disclosure

6

under Rule 26 of the Federal Rules of Civil Procedure? If so, describe each such document or thing, state the name(s) and address(es) of the person(s) most knowledgeable of it and state the reason Plaintiffs destroyed it or how it came to be lost.

**ANSWER**:    **Plaintiff's computer system crashed in May 2006 and some information, including email correspondence with Defendant US Xpress may have been lost.**

## **VERIFICATION**

STATE OF ALABAMA

COUNTY OF MONTGOMERY

Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared, Guy Kelly, who after being first duly sworn does depose and says on oath:  that he has examined the answers to the above interrogatories and verifies the answers on behalf of Plaintiff; that he is duly authorized to do so; that deponent is informed and believes that the facts stated therein are true to the best of his knowledge, information and belief; and that he voluntarily affixes his signature hereto.

Guy Kelly, on behalf of
G.F. KELLY TRUCKING, INC.

Given under my hand and official seal this the 30th day of October, 2006.

NOTARY PUBLIC
My Commission Expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 24, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

CLINTON C. CARTER (CAR112)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone:    (334) 269-2343
Facsimile:    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the 3? day of October, 2006.

Mr. David B. Hall
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203

AEL LEASING

P.O. Box 9592
Uniondale, NY 11555-9592

AMSOUTH LEASING, INC
P.O. Box 11407
Birmingham, AL 35246-1090

AUBURN BANK
100 N. Gay Street
Auburn, AL 36831-3110

BANCORP EQUIPMENT FINANCE
P.O. Box 15097
Hattiesburg, MS 39404-5097

CEF 2002, LLC
P.O. Box 7247-0319
Philadelphia, PA 19170-0323

CITICAPITAL
P.O. Box 7247-7878
American Equipment Leasing
Philadelphia, PA 19170-7878

CLC EQUIPMENT, LLC
SDS 12-0635
Minneapolis, MN 55486

COLONIAL BANK
P.O. Box 10088
Birmingham, AL 35202-0088

COLONIAL BANK
P.O. Box 10167
Birmingham, AL 35202-0167

COLONIAL BANK
P.O. Box 830738
Birmingham, AL 35202-016

COMPASS BANK
Commercial Billing Service
P.O. Box 2201
Decatur, AL 35609-2201



EXHIBIT

A

COMPASS BANK
P.O. Box 830927
Birmingham, AL 35283-0927

COMPASS BANK
AL Processing Center
701 South 33nd ST
Birmingham, AL 35233

CONSECO EQUIP. FINANCE DIV
P.O. Box 6167
Carol Stream, IL 60197-6167

CONSECO EQUIP. FINACE DIV
SDS-12-2211
P.O. Box 86
Minneapolis, MN 55486-2211

CONSECO FINACE
P.O. Box 790188
St. Louis, MO 63179-0188

DAIMLER CHRYSLER SERVICES
Commercial Vehicles
P.O. Box 2916
Milwaukee, WI 53201-2916

DELL ACCOUNT
Dept. 50-0041163851
P.O. Box 689020
Des Moines, IA 50368-9020

DELL FINANCIAL SERVICES
Payment Processing Center
4307 Collection Center Dr.
Chicago, IL 60693

FARMERS NATIONAL BANK OPL
P.O. Box 2070
Opelika, AL 36803

FCC EQUIPMENT FINANCING
P.O. Box 905010
Charlotte, NC 282905010

FINANCIAL FEDERAL CREDIT
P.O. Box 201490
Houston, TX 77216-1490

FIRST BANK
P.O. Box 28
Wadley, AL 36276

FIRST CONTINENTAL LEASING
P.O. Box 15097
Hattiesburg, MS 37404-5097

FIRST LEASING, INC
P.O. Box 2562
1311 First Avenue
Opelika, AL 36801

FIRSTAR BANK
400 Highway 169 South Suite 300
St. Louis Park, MN 55426

FIRSTAR EQUIPMENT FINACE
A Div. of Firstar Bank, NA
Box 78199
Milwaukee, WI 53278-0199

FORD CREDIT CB A237
P.O. Box 830339 CB
Birmingham, AL 35283-0339

FIRST AMERICAN BANK
P.O. Box 2070
Opelika, AL 368032070

GENERAL ELECTRIC CAPITAL
P.O. Box 640387
Pittsburgh, PA 152640387

GENERAL ELECTRIC
Capital Corporation
P.O. Box 7247-0319
Philadelphia, PA 19170-0323

GENERAL ELECTRIC CAP. CORP
P.O. Box 640387
Pittsburgh, PA 15264-0387

GENERAL ELECTRIC CAPITAL
Commercial Equip. Finance
44 Old Ridgebury Road
Danbury, CT  06810

GMAC
P.O. Box 70309
Charlotte, NC  28272-0309

GMAC PAYMENT PROCESSING CTR
P.O. Box 9001951
Louisville, KY  40290-1951

KEYCORP LEASING
NY-31-54-0919
P.O. Box 1865
Albany, NY  12201-1865

OMNI NATIONAL BANK
6 Concourse Pkwy
Suite 2300
Atlanta, GA  30328

ORIX CREDIT ALLIANCE, INC
P.O. Box 1649
Pittsburgh, PA  15230-1649

PACCAR FINANCIAL CORP.
P.O. Box 530491
Atlanta, GA  30353-0491

REGIONS BANK
P.O. Box 4010
Montgomery, AL  36103-4010

REGIONS LEASING
P.O. Box 1203
Montgomery, AL  36276

SOUTHTRUST BANK
Payment Processing
P.O. Box 2233
Birmingham, AL  35201

SOUTHTRUST BANK
Payment Processing
P.O. Box 830716
Birmingham, AL  35283-0716

SOUTHTRUST BANK
Attn; Comm. Leasing 32 floor
P.O. Box 830803
Birmingham, AL 35283-0803

US BANCORP EQUIP FINANCE
P.O. Box 790448
St. Louis, MO  063179-0448

US BANCORP OFFICE
Equipment Finance Service
P.O. Box 790448
St. Louis, Mo 63179-0448

VOLVO TRUCK FINANCE
P.O. Box 198044
Atlanta, GA  30384-8044

WACHOVIA
P.O. Box 15515
Wilmington, DE  19886-5515

WACHOVIA
Commercial Loan
Payment Cnt. PO Box 740502
Atlanta, GA  30374-0502

WACHOVIA BANK N.A.
P.O. Box 15200
Newark, NJ  07192-5200

WELLS FARGO EQUIPMENT
FINANCE, INC
733 Marquette Ave Suite 700
Minneapolis, MN  55402

# DEFENDANT'S EXHIBIT "32"

Seniority Driver List     07/23/05     Page 3

--------------------------------------------------------

| TOWY1 | YAMASHITO TOWE | 03/17/03 |
| STOWR | REGINALD STOWE | 03/24/03 |
| WELM1 | MICHAEL WELLES SR. | 03/24/03 |
| WRIR3 | ROBERT WRIGHT | 03/02/03 |
| WALJC | JIMMY C. WALTERS | 04/14/03 |
| COLJ1 | ▓▓▓▓▓▓▓▓▓▓ | 04/14/03 |
| WOODW | WILLIAM N.WOODS JR. | 05/13/03 |
| RADLD | DENNIS EARL RADLEY | 06/02/03 |
| GREW1 | WILLARD GREGORY | 06/30/03 |
| STEJ1 | JOEL MACK STEWART | 06/23/03 |
| GLER1 | RICKEY A. GLEATON | 06/23/03 |
| SMICU | CURTIS SMITH | 07/28/03 |
| BURL1 | LARRY BURNS | 08/04/03 |
| JONES | SAM JONES | 09/15/03 |
| NORTG | GEORGE NORTON | 09/15/03 |
| LAWE1 | EDDIE LAWRENCE | 10/06/03 |
| WATJ1 | JAMES WATTS | 11/11/03 |
| NOREL | TOMMY MORENO | 12/19/03 |
| MILRT | TORY MILLER | 01/26/04 |
| TAXJE | JESSE TAYLOR JR. | 01/26/04 |
| MCDAN | MARK MCDANIEL | 02/03/04 |
| LIABL | BERNE LIAS JR. | 02/03/04 |
| VALOS | ▓▓▓▓▓▓▓▓ | 02/18/04 ♪ |
| KINGS | ▓▓▓▓▓▓ | 03/29/04 ♪ |
| SIMER | ▓▓▓▓▓▓▓▓ | 04/13/04 |
| GENTC | ▓▓▓▓▓▓▓ | 04/13/04 |
| ALLER | RONNIE W. ALLEN | 04/20/04 |

**DEFENDANT'S EXHIBIT**

32


G.F. Kelley v. U.S. Xpress
D 000121
Defendant's Doc. Production

Seniority Driver List     07/17/05        Page   3

.......................................................................

| GARP1 | PEDRO GARCIA | 06/25/04 |
| BUCK2 | EDWARD BUCHANAN | 06/30/04 |
| STES1 | STEVEN STEPHENSON | 07/12/04 |
| THOM1 | HAROLD THOMAS | 07/20/04 |
| COOP4 | MONROE COOPER | 08/02/04 |
| JOHN3 | MICHAEL S. JOHNSON | 08/09/04 |
| CROW2 | EVERETT CROWDER | 08/13/04 |
| BERR3 | JIMMY BERRY | 08/20/04 |
| DEVI2 | ROY DEVINE | 09/13/04 |
| VANS1 | JAMES VANS III | 10/04/04 |
| CURS1 | [illegible] | 10/11/04 |
| JOHN1 | THOMAS "JAKE" JOHNSON | 10/12/04 |
| LAN01 | WALTER LANCASTER | 10/21/04 |
| MCLA2 | RODNEY MCLAIN | 11/01/04 |
| FULL0 | DEMETRIUS FULLER | 11/08/04 |
| HOLS0 | DOUGLAS HOLSTON | 11/23/04 |
| KITP1 | [illegible] | 12/06/04 |
| SEAN2 | CHARLES SEANELES | 01/03/05 |
| MART2 | JEFFERY WAYNE MARTIN | 01/08/05 |
| LASK1 | ITTALO LASKS | 01/10/05 |
| BLAC0 | DAVID BLACK | 01/10/05 |
| BRYA2 | WALTER E. BRYANT | 01/11/05 |
| CATR1 | MARVIN CATRETT | 01/14/05 |
| ACKL0 | PATRICK ACKLES | 01/18/05 |
| WASH0 | DAVID WASHBURN | 01/24/05 |
| GIBS0 | KENNETH GIBSON | 02/03/05 |

G.F. Kelley v. U.S. Xpress
D 000122
Defendant's Doc. Production

Seniority Driver List   07/27/05   Page 4

--------------------------------------------------------

| | | |
|---|---|---|
| COORJ | JENNY BARKER COOPER | 01/11/05 |
| HAYLI | LOUIS HAYNES | 01/11/05 |
| SAITO | LOUIE SAITO | 01/21/05 |
| POOLT | TONY POOLE | 02/28/05 |
| DIXOO | OLIVER DIXON | 03/07/05 |
| HANCJ | JAMES N. HANCES | 03/16/05 |
| DANIE | BOBBY RAY(WALLY)DANIEL JR. | 03/31/05 |
| KELLA | AVONA KELLY | 03/36/05 |
| CROT1 | TAYLOR P.CROWE, JR. | 03/36/05 |
| WINNC | | 04/11/05 |
| DAUGT | TODD DAUGHERTY | 04/18/05 |
| LEMOR | RODNEY E. LEMOND | 04/28/05 |
| WEARA | ARTHUR WEARING | 04/25/05 |
| WHATW | MILTON DAVID WHATLEY | 04/25/05 |
| WALIL | JACOB WALKER | 04/25/05 |
| BUFFC | | 05/02/05 |
| JOHR3 | | 05/09/05 |
| DAVTI | TIM DAVIS | 05/12/05 |
| GOOOP | PHILIP GOODWIN | 05/23/05 |
| WELC1 | CHRIS WELCHER | 05/23/05 |
| ROWIR | RICHARD ROWIE | 05/31/05 |
| BURDR | RONALD BURDEN | 06/02/05 |
| THOW2 | WILLIE THOMPSON | 06/06/05 |
| JACC1 | CHARLES M. JACKSON | 06/06/05 |
| FULLJ | JAMES FULLER | 06/13/05 |
| OWENR | RONNIE OWENS | 06/14/05 |
| KNIGL | ALAN 'LEE' KNIGHT | 06/17/05 |

G.F. Kelley v. U.S. Xpress
D 000123
Defendant's Doc. Production

Seniority Driver List    07/27/05    Page  5

| | | |
|---|---|---|
| MIRAP | PHILIP STANLEY MIRANDA IV | 06/20/05 |
| BRYFJ | FAROLD LYNN BRYANT | 06/20/05 |
| BOXTM | MELVIN BOXTER | 06/20/05 |
| MAULR | MACON "BALDE" MAULDIN III | 06/27/05 |
| ROTHV | WILLIAM ROTH | 06/27/05 |
| VICB1 | BARBARA VICKERS | 06/27/05 |
| SIMON | NATHAN SIMONS | 06/27/05 |
| DUTJ3 | JAMES D. DUTTER, JR. | 07/05/05 |
| ELLLJ | JASON NILES ELLIS | 07/11/05 |
| STOR1 | REGINALD STONE | 07/19/05 |

Driver count (type C):   116

G.F. Kelley v. U.S. Xpress
D 000124
Defendant's Doc. Production

Seniority Driver List        07/27/99        Page  6

..........................................................................

Drivers on this report:    116

G.F. Kelley v. U.S. Xpress
D 000125
Defendant's Doc. Production