**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **G.F. KELLY TRUCKING, INC.; and GUY KELLY, individually,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO: 3:06-CV-351-MEF** |
| **U.S. XPRESS ENTERPRISES, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**MOTION FOR LEAVE TO FILE CORRECTED DECLARATION OF RUSS MOORE**

COMES NOW Defendant U.S. Xpress, Inc. ("USX") and respectfully moves the Court for leave to file the corrected Declaration of Russ Moore, which is attached hereto, and have it substituted for Exhibit G of the Evidentiary Submission in Support of Defendant's Motion for Summary Judgment. As grounds for this Motion, USX says as follows:

1. USX filed an Evidentiary Submission in Support of Defendant's Motion for Summary Judgment on February 23, 2007. Exhibit G of the Submission was the Declaration of Russ Moore.

2. After the Evidentiary Submission was filed, the undersigned counsel for USX realized that the Moore Declaration contained two typographical errors in paragraph 10 on page 2. The Declaration referred to Defendant's Exhibits 68. It should refer to Defendant's Exhibit 88. Also, the Declaration omitted the concluding sentence by which Mr. Moore verified the truth and accuracy of his statements. Both errors were overlooked by counsel inadvertently in the haste of finalizing USX's Motion for Summary Judgment before the deadline passed.

3. Attached to this Motion is a corrected Declaration of Russ Moore in which both errors are corrected. USX seeks leave to substitute the corrected Declaration in place of Exhibit G of USX's Evidentiary Submission.

Wherefore, premises considered, USX respectfully moves this Court for leave to file the attached, corrected Declaration of Russ Moore and have it substituted for Exhibit G to the Evidentiary Submission in Support of Defendant's Motion for Summary Judgment.

Respectfully submitted the 7th day of March, 2007.

/s/ Elizabeth R. Floyd
Lawrence B. Clark (CLA012)
David B. Hall (HAL052)
Elizabeth R. Floyd (FLO032)
Attorneys for Defendant
U.S. Xpress Enterprises, Inc.

Of Counsel:
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480

**Certificate of Service**

I hereby certify that I have filed this document through the Court's CM/ECF electronic filing system and that the following persons will be served with notice of the filing on this the 7th day of March, 2007.

Jere L. Beasley
W. Daniel Miles
Clinton C. Carter
John Everett Tomlinson
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

/s/ Elizabeth R. Floyd
Of Counsel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **G.F. KELLY TRUCKING, INC.; and GUY KELLEY, individually,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO: 3:06-CV-351-MEF** |
| **U.S. XPRESS ENTERPRISES, INC.,** | ) | |
| **Defendant.** | ) | |

**DECLARATION OF RUSS MOORE**

1. My name is Russ Moore. The statements contained herein are based on my personal knowledge, and I am competent to testify about all matters on which I am offering evidence herein.

2. I am the Vice President of Safety for U.S. Xpress, Inc ("USX"). I have held this position for almost two years. As part of my responsibilities, I am in charge of determining whether applicants for employment with USX for the position of a commercial truck driver comply with the requirements of the Federal Motor Carrier Safety Regulations ("FMCSR"), as well as meet or exceed the minimum hiring criteria of USX. This process is commonly referred to as "Driver Qualification Process."

3. In or about August, 2005, I was asked to make a determination whether drivers employed by (or otherwise affiliated with) Guy Kelly Trucking, Inc. ("GFK") met the requirements of the FMCSR, as well as USX's Driver Qualification requirements as part of a potential asset purchase of GFK's assets by USX. Because the transaction contemplated an asset purchase, the GFK driver's were required to go through the Drivers Qualification Process for employment.

4. On or about July 23, GFK sent USX a list of its drivers. Defendant's Exhibit 32. This list contained the names of only 116 drivers. On or about August 9, 2005, USX received a fax from GFK which purported to contain another list of GFK drivers. There were 158 drivers on this list. See Defendant's Exhibit 65. Some days later, we received 9 additional names of drivers. Exhibits 68 and 90. Although it was never made clear, these additional drivers apparently worked for other companies that were affiliated with GFK. It was my understanding that there were additional drivers of other companies affiliated with GFK who were to be added to the list of 167, but who, for whatever reason, had not appeared on a GFK's list of drivers.

EXHIBIT
tabbies
G

5. On or about August 9, USX also received GFK's driver's files. A careful review of the files indicated that several of the drivers on GFK drivers list did not have a driver's file. A significant number of the files were incomplete. USX employees working under my supervision and at my direction reviewed the GFK driver's files. After reviewing the files, we contacted GFK to determine why certain drivers did not have files. We spoke with Frank Childers and Guy Kelly about the drivers who did not have a file. They explained that many of the drivers' files were missing or incomplete because they had been lost or destroyed when a tornado destroyed the GFK safety building in April, 2005 or they worked for GFK affiliated companies.

6. During the week of August 22, USX employees working under my control and at my direction began the Drivers Qualification process on site at GFK in Wadley, Alabama. The Drivers Qualification process included the completion of a USX application, a drug test, a road test, medical examination and an orientation of USX's policies and procedures. GFK determined which drivers were routed through Wadley so that they could come off the road and participate in the Drivers Qualification process. USX had no control over which drivers GFK brought in, or which drivers actually showed up.

7. When we made decisions about whether a driver was qualified, I would contact Mr. Childers and explain the basis of our decision.

8. The number of drivers that appeared for Drivers Qualification Process between August 22 and August 25 was less than expected. It became clear that of the 60 to 80 drivers that participated in the Drivers Qualification Process there was a general reluctance to conform to USX's policies and procedures. It was the impression of my team and me (based upon conversations with GFK drivers, comments made by GFK drivers and observing the actions of GFK drivers during the qualification process) that many of the drivers that USX, whether qualified on paper or not, would not work for USX.

9. On August 25, 2005, Al Hingst asked me how many drivers we had been able to qualify through the 24th. I advised that of the roughly 60 drivers processed, almost half, 29, had not qualified. I also advised that I expected that at most we would be able to qualify 100 drivers and of those, it was my impression that at best only about 70 would go to work for USX.

10. Attached hereto as Defendant's Exhibit 89 is a true and accurate copy of USX's Experienced Driver Hiring Criteria in effect in 2005 (and presently). Defendant's Exhibits 88, 89 and 90 were made and maintained in the ordinary course of USX's business and they are true and accurate copies of the originals. Exhibits 32 and 65 are true and accurate copies of the originals.

I declare under penalty of perjury that the foregoing is true and correct.

February 23, 2007
Date

[signature]
Russ Moore
Vice President of Safety
U.S. Xpress, Inc.

B DBH 739430 v1
2016317-000055 2/23/2007

# DEFENDANT'S EXHIBIT "89"

# EXPERIENCED DRIVER HIRING CRITERIA

## I. MISCELLANEOUS GENERAL REQUIREMENTS

- Must be 21 years old
- Must hold a Class A CDL
- Must be Hazmat certified (with the exception of certain Dedicated accounts)
- Must pass a DOT physical
- Must pass a company physical standards test
- Must pass a company road test
- Must not have tested positive on a drug test or refused a drug test within the last 3 years.
- Must not have tested positive for drugs or alcohol while operating a Commercial Motor Vehicle (CMV)
- Must be a United States citizen or possess an appropriate work visa
- Must be able to read, speak and write the English language in accordance with DOT regulations
- Must be able to perform the functions described in the job description

## II. DRIVING AND ACCIDENT RECORD

- An applicant may not have more than three moving violations in the past three years.
- An applicant may not have more than two moving violations in the last 12 months.
- An applicant may not have any license suspensions in the last 3 years related to moving violations.
- An applicant may not have any DUI or DWI convictions in the last 3 years.
- An applicant may not have multiple DUI or DWI convictions in the last 10 years.
- An applicant may not have a DUI conviction in a CMV.
- An applicant may not have a conviction or citation for the following:

  1. Leaving the scene of a crime in a vehicle
  2. Possession of alcohol in a CMV
  3. Possession of a controlled substance in a vehicle in the last ten years
  4. Use of a vehicle in the commission of a felony
  5. Citation in connection with a fatality accident

- An applicant may not have more than one of the following convictions or citations in the last 3 years:

  1. Driving 15 or more MPH above the posted speed limits
  2. Reckless driving
  3. Improper lane change

DEFENDANT'S
EXHIBIT
89

    4. Following too close
5. Use or possession of a radar detector
6. Possession of alcohol in a vehicle

- An applicant may not have a key crash (defined as lane changes, jack knifes, rear end impact, side impact, left turn run-under or rollover) or a preventable major accident involving an injury or fatality in the last 3 years (preventability of an accident to be determined by the Safety Department).
- An applicant may not have more than 3 preventable minor accidents within the last 3 years.
- An applicant's total number of preventable accidents and moving violations may not exceed 4 in the last 3 years.

## III. CRIMINAL HISTORY

An applicant may not have any of the following convictions:

- Sale of a controlled substance
- Possession of a controlled substance within the last 5 years. Any convictions for possession beyond 5 years shall be reviewed by the Safety Department.
- Murder
- Sexual assault of any kind, including against a minor
- Armed robbery or felony theft
- Perjury
- Any other "aggravated" conviction

All other felonies and misdemeanors will be evaluated for substantial relationship to the job.

## IV. GENERAL WORK HISTORY

The Recruiting Department will review and evaluate the following work history issues:

- Multiple violations of company policy
- P.O. Box addresses
- Termination from previous employer
- Indication that applicant is not eligible for rehire by previous employer
- Documentation of late pick ups and deliveries or excessive complaints

An applicant with a dishonorable discharge or discharge for bad conduct from the military will not be considered for employment.

## V.   EXPERIENCE REQUIREMENTS

For the purpose of establishing a wage rate based on experience level, prior driving experience must be verifiable multi-state OTR driving experience with the same motor carrier for a period of six months or more (with the exception of first year multi-state OTR driving –which shall be set forth below). Experience will be rounded down. For instance, two separate periods of 8 months verifiable experience with the same motor carrier employer will total 16 months experience, but will be rounded down to the 1 year wage rate. Three separate periods of 8 months verifiable experience with the same motor carrier employer will total 24 months experience and the 2 year wage rate.

During the first year of an applicant's driving history, verifiable multi-state OTR driving experience with the same motor carrier for a period of at least two months will be considered for the purpose of establishing wage rates, as long as the applicant has not held more than 5 jobs in the first year. Experience will be rounded down. For example, seven weeks of experience with one motor carrier will not be considered experience for the purpose of establishing a wage rate. If the applicant has held more than 5 jobs in the first year he/she will start at the 0-experience wage rate.

Experience must be experience driving a combination of a tractor and separate trailer at least 40 ft in length. The proposed criteria includes flatbed or tanker experience. Comparable military driving experience as indicated on the DD214 form will be considered.

Experience must be multi-state OTR experience or experience driving in California between Las Angeles and San Francisco on a regular basis.

Experience must be verifiable. Experience may be verified by a reference check with a former employer. If a reference check is unavailable, experience may be verified by a DAC report or W2 and, for independent contractors, a business license or tax return.

Note: We will consider any driving experience within the last 60 months that meets the above criteria.

# DEFENDANT'S EXHIBIT "90"

WADASCN

[illegible] AVONDALE

100 lot seen
56 Application[illegible]

GF KELLY DRIVER ROSTER

| COMPANY DRIVERS | | | |
|---|---|---|---|
| NAME | | SS# | |
| PATRICK | ACKLES | | NO FILE |
| RONNIE | ALLEN | | |
| [illegible] | BANKS | | |
| MACK | BATTLE | | |
| DREW | BERNARD | | |
| RICHARD | BOWIE | | |
| FAROLD | BRYANT | | |
| [illegible] | BRYANT [illegible] | | |
| EDWARD | BUCHANAN | | |
| GERALD | BUFF | | |
| BARRY | BURNS | | |
| MELVIN | BUSTER | | |
| WESLEY | BYRD | | NO FILE |
| MARVIN | CATRETT | | NO FILE |
| MONROE | COOPER | | NO FILE |
| JOHNNY | COX | | |
| EVERETT | CROWDER | | |
| TAYLOR | CROWE JR | | NO FILE |
| JERRY | CUNNINGHAM | | |
| BOBBY | DANIEL JR | | |
| TODD | DAUGHERTY | | |
| THOMAS | DAVIS | | |
| GORDON | DENNEY | | |
| AMY | DEVINE | | |
| JIMMY | DOBBS | | |
| RONALD | DURDEN | | |
| ROGER | EATON | | NO FILE |
| JOSEPH | EBELING | | NO FILE |
| JASON | ELLIS | | NO FILE |
| DENNIS | FOWLER | | |
| DEMETRIUS | FULLER | | |
| JAMES | FULLER | | |

D
D

DEFENDANT'S EXHIBIT
90

G.F. Kelley v. U.S. Xpress
D 000144
Defendant's Doc. Production

G.F. Kelley v. U.S. Xpress
D 000145
Defendant's Doc. Production

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GARCIA | ■■■ | ■■■ | GOODWIN | GORHAM | HARRIS | HART | HILYER | ■■■ | JACKSON | ■■■ | JONES JR | KELLY | KITE | ■■■ | LAWRENCE | MANESS | MASTIN | MAULDIN III | MCDANIEL | ■■■ | MIRANDA IV | ■■■ | NORTON | NUNN | OWENS | PETERS |
| ■■■ | ■■■ | ■■■ | ■■■ | PHILIP | JACK | WILLARD | SUWADU | DARRELL | TOBY | ■■■ | CHARLES P. | ■■■ | JAMES | AVORA | PATRICK | ■■■ | EDDIE | JAMES | JAMES | MACON | MARK | ■■■ | PHILIP | ■■■ | ■■■ | GEORGE | STEVEN | RONALD | ■■■ | NIKI |
| | | NO FILE | | NO FILE | | | NO FILE | | | | NO FILE | NO FILE | | | NO FILE | | | NO FILE | | | | | NO FILE | | | | | | | NO FILE |

A

| | | | |
|---|---|---|---|
| ~~TONY~~ | ~~POOLE~~ | | NO |
| LES | ROGERS | | NO FILE |
| WILLIAM | ROTH | | NO FILE |
| LOUIE | SAITO | | |
| JIMMY | SCREWS | | |
| NATHAN | SIMONS | | NO FILE |
| BILLY | SIMS | | NO FILE |
| CURTIS | SIMS | | NO FILE |
| CHARLES | SMITH | | NO FILE |
| ~~CURTIS~~ | ~~SMITH~~ | | |
| STEVEN | STEPHENSON | | |
| ~~JOEL~~ | ~~STEWART~~ | | |
| REGINALD | STONE | | NO FILE |
| MC | TALTON | | |
| ~~[illegible]~~ | ~~TAYLOR JR~~ | | |
| ~~[illegible]~~ | ~~THOMAS~~ | | |
| WILLIE | THOMPSON | | |
| ANDREW | THORPE | | |
| JAMES | VANN III | | |
| BARBARA | VICKERS | | NO FILE |
| DENNIS | WADLEY | | |
| JIMMY | WALTERS | | |
| DAVID | WASHBURN | | |
| JAMES | WATTS | | |
| ARTHUR | WEARING | | |
| ~~[illegible]~~ | ~~[illegible]~~ | | |
| CHRISTOPHER | WELCHER | | |
| ~~[illegible]~~ | ~~[illegible]~~ | | |
| MILTON | WHATLEY | | |
| STEVENN | WILKINS | | |
| ARTHUR | WIMBERLY JR | | |
| WILLIAM | WOODS JR | | |
| RONNIE | WOODS JR | | NO FILE |
| ANTHONY | WRIGHT | | |
| ROBERT | WRIGHT | | |

G.F. Kelley v. U.S. Xpress
D 000146
Defendant's Doc. Production

| | | | |
|---|---|---|---|
| YAMASHITO | YOWE | | |
| | | | |
| | | | |
| OWNER/OPERATORS | | | (54) - 8 NO FILE |
| [illegible] | [illegible] | | |
| JERRY | BAKER | | |
| [illegible] | [illegible] | | |
| FAITE | BRANTLEY | | NO FILE |
| EUGENE | BURWELL | | |
| KEITH BYRD | | | NO FILE |
| MELVIN | CLEVELAND | | |
| MONROE | COOPER | | NO FILE |
| THOMAS | CORBETT | | |
| [illegible] | [illegible] | | |
| CHARLES | DEAN | | |
| [illegible] | [illegible] | | |
| GREGORY | DUDLEY | | |
| [illegible] | [illegible] | | |
| FRED | GORDON | | |
| [illegible] | [illegible] | | |
| [illegible] | [illegible] | | |
| JOHN | HALL | | |
| [illegible] | [illegible] | | |
| DOUVAN | HAMBY | | |
| DAVID | HESTER | | |
| HOMER | HUDSON | | NO FILE |
| CHARLES | JACKSON | | NO FILE |
| [illegible] | [illegible] | | [illegible] 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 |
| [illegible] | [illegible] | | |
| CARL | JONES | | |
| [illegible] | [illegible] | | |
| JOE | KELLEY | | |
| SHERRILL | MCCLUNG | | |
| [illegible] | [illegible] | | |
| [illegible] | [illegible] | | |

A

G.F. Kelley v. U.S. Xpress
D 000147
Defendant's Doc. Production

G.F. Kelley v. U.S. Xpress
D 000148
Defendant's Doc. Production

*[Page rotated 90°; table largely redacted with black bars. Visible last-name column (top to bottom): MOSLEY, NORWOOD JR, NORWOOD JR, PAYNE, PHILLIPS, QUICK, RICHARDSON JR, ROBINSON, SLATON, STRINGER, [redacted], THARPE, [redacted], WALDON, WALKER, WALKER, [redacted], WILLIAMS, WILLIAMS JR, WOODS, WYATT. First-name column: [redacted], LUTHER, ROOSEVELT, KENNETH, RAYMOND, JEFFREY, JOHN, CHARLES, WAYNE, MEVEN, [redacted], GEORGE, [redacted], DARRELL, ANTHONY, JASON, [redacted], RODERICK, WALTER, RONNIE, JOHN. Two rows marked "NO FILE". Handwritten notation: "21 files".*