IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| G.F. KELLY TRUCKING, INC.; and GUY KELLY, individually, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO: 3:06-CV-351-MEF |
| U.S. XPRESS ENTERPRISES, INC., et al., ) ) ) | |
| Defendants. ) | |

## MOTION TO LIMIT EXPERT TESTIMONY

COMES NOW Defendant U. S. Xpress Enterprises, Inc. ("USX") and respectfully moves the Court pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure to limit Plaintiffs' expert's testimony from Edward W. Sauls.[1] As grounds for this Motion, USX says as follows:

1. This case is about unsuccessful negotiations toward the purchase of certain assets of Plaintiff G. F. Kelly Trucking, Inc. ("GFK") by USX. Plaintiff Guy Kelly is the owner of GFK. Plaintiffs claim that USX breached the Asset Purchase Agreement and committed fraud because it did not ultimately purchase the assets (*See* USX's Brief in Support of Motion for Summary Judgment and USX's Narrative Statement of Undisputed Facts). Plaintiffs seek an unspecified amount of compensatory and punitive damages. USX denies Plaintiffs' allegations and has moved for summary judgment on all counts. USX's motion is based primarily on the fact that the Asset Purchase Agreement made closing contingent on several enumerated, express

---

[1] USX may later move the Court to strike Mr. Sauls' testimony in its entirety pursuant to Rule 702 of the Federal Rules of Evidence. The single opinion that Sauls offers should not withstand scrutiny under *Daubert*. The deadline for motions in limine is fifteen days prior to the trial date, and USX will file any such motion to strike at or before that time.

conditions that were not met, and, thus, USX had no obligation to close on the purchase of GFK's assets. Discovery closed on February 9. Trial is set for June of 2007.

2. The Court's Uniform Scheduling Order provides that "[t]he parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony" (*See* Scheduling Order, Doc. 8, p. 2, Section 8). Plaintiffs' deadline for their disclosure was February 23, 2007. USX's deadline is March 23, 2007.

3. On February 23, 2007, Plaintiffs sent USX their expert disclosure, which is attached hereto as Exhibit A. They identified one witness, Mr. Edward W. Sauls. Plaintiffs represent that Mr. Sauls is "expected to testify and give expert testimony at the trial of his matter regarding the opinions set forth in his attached report" (*See* Expert Disclosure of Plaintiffs, Exhibit A, at first page). Plaintiffs attached Mr. Sauls' report, curriculum vitae, testimony list and fee information to their expert disclosure. Mr. Sauls writes that he was asked "to give [his] opinion of the financial impact to plaintiffs, G. F. Kelly Trucking, Inc. and Mr. Guy Kelly because of the action of the defendant U.S. Xpress Enterprises, Inc" (*See* Report of Edward W. Sauls at first page, Exhibit A).

4. Plaintiffs' expert report fails to satisfy the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's Uniform Scheduling Order. First, Mr. Sauls' report admittedly is not "a complete statement of all of [his] opinions" or the "basis and reasons therefor." *Cf.* Fed. R. Civ. P. 26(a)(2)(B) (2006). Sauls never gives an opinion of the total amount of Plaintiffs' alleged damages. Though he identifies five separate elements of Plaintiffs' damages, he gives an opinion as to only one element. As for the four other elements, Sauls offers, if anything, only a vague and sketchy statement of what the damages could be. For this inadequacy, Sauls cites a lack of documents needed to form an opinion. However, these

B ERF 741891 v1
2016317-000055 3/22/2007

documents -- those addressing the value of GFK, lost clients, lost interest and lost time and expense -- are Plaintiffs' documents. Plaintiffs have failed to give their damages expert the documents he needed, which is not "substantial justification" for submitting an inadequate expert disclosure. *See* Fed. R. Civ. P. 37(c)(1) (2007). Also, Sauls' report does not state whether Mr. Sauls has authored any publications, and it does not provide a list of any such publications. Though Plaintiffs claim a "right" to supplement, under Rule 37(c)(1) of the Federal Rules of Civil Procedure and the relevant case law, Plaintiffs should be precluded from offering any additional opinions or testimony not already disclosed in their expert's report. *See* Fed. R. Civ. P. 37(c)(1) (2007) ("A party that without substantial justification fails to disclose information required ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.").

    5.    Rule 26(a)(2) provides with respect to reports by retained experts:

> The report shall contain a <u>complete statement of all opinions to be expressed and the basis and reasons therefor</u>; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, <u>including a list of all publications authored by the witness within the preceding ten years</u>; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (2007) (emphasis added). The Advisory Committee Notes further explain that the report should be "detailed and complete" and that it "is intended to set forth the substance of the direct examination." Fed. R. Civ. P. 26, Advisory Comt. Notes to 1993 Amendments, Subdivision (a), Paragraph (2). Indeed, as many courts have noted, Rule 26(a)(2) was designed to avoid the "sketchy and vague" disclosures that had been the practice prior to the rule's promulgation. *See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 283-84 (8th

Cir. 1995) (affirming district court's exclusion of expert testimony); Fed. R. Civ. P. 26, Advisory Comt. Notes to 1993 Amendments, Subdivision (a), Paragraph (2).

6. Mr. Sauls lists five separate elements of Plaintiffs' damages:

> (1) the plaintiff, Kelly, did not receive the purchase price due under the contract, (2) the Plaintiff lost clients as a result of the breach, (3) the Plaintiff's business decreased in value as a result of the breach, (4) the Plaintiff lost interest on monies owed under the contract and (5) the Plaintiff incurred substantial time and expense in negotiation of the Agreement.

(*See* Report of Edward W. Sauls at first page, Exhibit A). However, Mr. Sauls offered an opinion only as to the first element of Plaintiffs' alleged damages -- the price due to Plaintiffs under the contract.

7. After offering his opinion as to the purchase price, Mr. Sauls writes: "Damages to G. F. Kelly Trucking, Inc. and Guy Kelly are <u>best determined</u> by quantifying the diminution in the value of his business from the point in time of the anticipated closing date to its value today" (*See* Sauls Report at p. 4, Exhibit A (emphasis added)). He, however, never discloses an opinion, let alone the basis for such an opinion. As for the value of GFK at "the anticipated closing date," Mr. Sauls writes that the parties "agreed that the value of the relevant assets, net of relevant liabilities, including the value of monies to be received under the driver sign-up and retention provisions to be $1,600,000. This is an asset based approach to valuation" (*Id.*). Mr. Sauls never cites the factual basis for his statement that there was such an agreement. USX denies that there was such an agreement. Regardless, Mr. Sauls never gives an opinion regarding the current value of GFK. He writes that "there are unpaid liabilities (deficiencies)" to certain named creditors and: "There likely are more and there likely are liabilities from August 2005 to others related to other operating activities. Additional documents could lead to quantifying these amounts" (*Id.*). Mr. Sauls writes all around the alleged diminution in value of GFK, noting that

4

its net income and revenues declined "after the anticipated purchase date," which he loosely defines as "July or August of 2005" (*See* Sauls Report at pp. 1-4, Exhibit A). But Mr. Sauls never actually discloses what his opinion of the diminution in GFK's value is. This is exactly the "vague and sketchy" disclosure that the drafters of Rule 26 sought to avoid. *See* Fed. R. Civ. P. 26, Advisory Comt. Notes to 1993 Amendments, Subdivision (a), Paragraph (2). Mr. Sauls has, in effect, disclosed no opinion regarding the diminution in value of GFK, and, consequently, has offered no opinion as to what he calls the "best" determination of Plaintiffs' alleged damages.

8.     Also, as to damages from lost customers, Mr. Sauls' report provides only an amorphous prophesy:

> It is our understanding that some of the customers previously serviced by G.F. Kelly Trucking are now being serviced by K-Diesel, Inc., a company in which Guy Kelly has a financial interest. This is being done with 20 trucks with a net equity of approximately $265,000.
>
> As of the writing of this report, financial information on the results of operations related to the remaining G. F. Kelly Trucking, Inc. customers is not available. To the extent the results of operations produce a benefit stream, there is value. This value, if any, is determined by capitalizing the benefit stream at a rate that reflects the risk in achieving the benefit stream. The value, if any, of the benefit stream combined with the debts (deficiencies) will be the indication of value of the business today. This can be a positive or negative number. This number, combined with the indicated value at August 2005, will result in damages to the plaintiffs. Interest to trial date is properly added.

(*See* Sauls Report at p. 5, Exhibit A). Mr. Sauls' vague remarks are meaningless. Simply put, Mr. Sauls discloses no opinion regarding the damages attributable to lost customers. And Mr. Sauls does not even bother to discuss the "lost interest on monies owed under the contract" or the "substantial time and expense in negotiation of the Agreement." Rather, he concludes by writing: "Discovery is ongoing. Additional information subsequently received will be considered. My opinion and my report will be amended accordingly" (*See id.*).

5

9.    Plaintiffs likewise "reserve the right to amend and supplement" their expert disclosure "as further information becomes available through discovery" (Expert Disclosure of Plaintiffs, attached hereto under Exhibit A, at first page; Sauls Report at p. 5). Contrary to Plaintiffs' and Mr. Sauls' report, discovery is not ongoing. Discovery closed on February 9. Regardless, Plaintiffs' use of supplementation in this manner is an abuse of Rule 26. Though parties are under "a duty to supplement or correct" their expert disclosures, supplementation is "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (affirming district court's order striking defendant's designation of experts and precluding the experts' testimony as sanction for incomplete initial disclosure). "Rule 26 ... does not bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied. In short, Rule 26 imposes a *duty* on Plaintiffs; it grants them no *right* to produce information in a belated fashion." *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (emphasis in original) (limiting expert testimony to that provided in original report).

10.    Whatever additional information that Mr. Sauls needed to form his opinion as to Plaintiffs' alleged damages could only have been in the possession of Plaintiffs. USX obviously does not have any information as to the current value of Plaintiff Kelly's business, lost clients, lost interest or lost time and expense. Plaintiffs' failure to supply its expert with the information he needed to form his opinions in a timely manner does not justify a delay in Plaintiffs' obligation to provide a "complete report of all opinions" and certainly does not entitle them to any "right" of supplementation. *See Saint-Gobain Corp. v. Gemtron Corp.*, No. 1:04-cv-387, 2006 WL 1307890 at *1-*2 (W.D. Mich. 2006) (granting defendant's motion to strike plaintiff's

expert report; "if [the expert's] analysis was incomplete, it was incomplete because [the plaintiff] did not provide its own expert with enough of its own financial information and not because of a lack of information from [the defendant]."); *Reid*, 205 F.R.D. at 662.

11.   In *D & D Associates, Inc. v. Board of Education of North Plainfield*, the court precluded the plaintiff's expert report and awarded attorneys' fees to the defendant as a sanction for the failure of the plaintiffs to comply with Rule 26. *D & D Associates, Inc. v. Board of Education of North Plainfield*, No. 03-1026, 2006 WL 1644742 at *7-*9 (D.N.J. June 8, 2006). The expert witnesses were retained to testify to the plaintiff's damages in a breach of contract action. Like Mr. Sauls' report, the experts' report in *D & D* identified several "elements" of damages, but it failed to provide an opinion as to the amount of each element. Also like Mr. Sauls' report, the report in *D & D* also did not provide an "overall total damages amount" and did not explain the basis of other elements of damages. The experts included a list of the items that they relied upon, their qualifications and a list of prior cases in which they testified. But the experts did not disclose their compensation and, like Mr. Sauls' report, did not mention whether they had any publications. *D & D Assoc.*, 2006 WL 1644742 at * 5. The plaintiff argued that it later provided supplementation to the experts' initial report, but the court was not impressed. "While the Simonds Report was an 'initial' report, Rule 26 indicates that expert reports are to be a 'complete statement.' The fact that D&D stated that the report would be supplemented does not cure the deficiencies." *Id*. at *6. Therefore, the court found that the plaintiff's expert report violated the scheduling order, which justified the entry of sanctions.[2]  *Id*. at *7-*8.

---

[2]   The plaintiff did not challenge the court's decision to preclude their initial expert report. It only challenged the court's monetary sanction. However, to evaluate the appropriateness of the sanction the court was compelled to determine whether a violation occurred to justify the preclusion of the initial report and the subsequent sanction. *D & D Associates, Inc. v. Board of Education of North Plainfield*, No. 03-1026, 2006 WL 1644742 at *4 (D.N.J. June 8, 2006). The district court affirmed the magistrate judge's order that the plaintiff's initial expert report be precluded and that defendant be awarded attorneys' fees. *Id*. at *7-*8. The magistrate judge allowed the plaintiff to submit a

7

12.  As in *D & D*, here, Plaintiffs' expert report falls woefully short of the standard set by Rule 26. And Plaintiffs' failure to comply with Rule 26 is not harmless. As the Advisory Committee Notes to Rule 26 explain, "the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26, Advisory Comt. Notes to 1993 Amendments, Subdivision (a), Paragraph (2); *D & D Assoc.*, 2006 WL 1644742 at *7. Plaintiffs bear the burden of proof as to their damages claims. Mr. Sauls' report fails to completely disclose his opinions as to what their damages claims are, much less the basis of those opinions. USX is therefore unable to fully respond to Mr. Sauls' opinions.[3] However, if Plaintiffs are limited to the disclosure made in Mr. Sauls' report and not permitted to make new disclosures pursuant to their presumed "right" of supplementation, USX will be informed of Plaintiffs' position and can respond accordingly on March 23, its expert disclosure deadline.

13.  USX therefore seeks an order pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure that the expert testimony Plaintiffs are permitted to present at trial be limited to the sole opinion offered by Mr. Sauls in his report. *See Williams v. Roberts*, 202 F.R.D. 294, 298-97 (M.D. Ala. 2001) (limiting expert testimony to conclusions stated in initial report); *Bowman v. Hawkins*, No. Civ. A. 04-00370-CG-B, 2005 WL 1527677 at *2 (S.D. Ala. June 28, 2005) (same); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001)

---

new expert report because ordering otherwise would have been tantamount to summary judgment for the defendant. *Id.* at *7.

[3]  Taking Mr. Sauls' deposition will not remedy Plaintiffs' violation. "The intent of [Rule 26(a)(2)] is to ensure that deposition testimony can proceed with parties already armed with the expert's report so as to be able to evaluate the opinions to be offered." *See Beller v. United States*, 221 F.R.D. 689, 693-94 (D.N.M. 2003) (granting motion to strike untimely submission of supplemental expert report; "The failure to comply with the scheduling order was not excused simply because the expert was available for deposition.").

(same); *Keener v. United States*, 181 F.R.D. 639, 642 (D. Mont. 1998) (same); Fed. R. Civ. P. 37(c)(1) (2006).

Respectfully submitted the 22nd day of March, 2007.

/s/ Elizabeth R. Floyd
Lawrence B. Clark (CLA012)
David B. Hall (HAL052)
Elizabeth R. Floyd (FLO032)
Attorneys for Defendant
U.S. Xpress Enterprises, Inc.

Of Counsel:
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480

## Certificate of Service

I hereby certify that I have filed this document through the Court's CM/ECF electronic filing system and that the following persons will be served with notice of the filing on this the 22nd day of March, 2007.

Jere L. Beasley
W. Daniel Miles
Clinton C. Carter
John Everett Tomlinson
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

/s/ Elizabeth R. Floyd
Of Counsel

9