# EXHIBIT 2

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (the "Agreement") executed this 18th day of April 2005, by and between U.S. Xpress Enterprises, Inc. (and affiliated companies), a Nevada corporation whose address is 4080 Jenkins Road, Chattanooga, Tennessee 37421 ("Recipient"), and Kelly Trucking, whose address is Wadley, AL, ("KELLY").

## RECITALS

WHEREAS, KELLY will make available to Recipient certain information described in Paragraph 1 below; and

WHEREAS, Recipient and KELLY desire to set forth their agreement herein with respect to the disclosure and use of such documents and information;

NOW, THEREFORE, in consideration of the above recitals and the terms, conditions and obligations hereinafter set forth, and intending to be legally bound hereby, the parties do covenant and mutually agree as follows:

1. KELLY may disclose, reveal or make available for inspection and use by Recipient certain information relating directly or indirectly to the business, financial condition, operations, assets and liabilities of KELLY and its subsidiaries and affiliates, including but not limited to, tax information, sales data, customers, prospective customers, vendors, suppliers, products carried, marketing programs or concepts, new products, training programs, personnel information and files, benefits information, payroll information and files, processes and internal procedures, papers, reports, analyses and summaries in written, oral, electronic or other form (hereinafter collectively referred to as the "Information"). In addition, the term Information shall also include all notes, analyses, compilations, studies or other documents prepared by or on behalf of Recipient which contain, reflect or are based upon, in whole or in part, any information described in this Paragraph 1.

2. KELLY retains all right, title and interest in and to the Information. Recipient agrees that all Information of any nature disclosed, revealed or made available by KELLY under this Agreement, whether or not the Information, or any part thereof, was prepared by KELLY or a third party, is proprietary and confidential and subject to the terms of this Agreement. KELLY makes no representation or warranty, express or implied, as to the accuracy or completeness of any Information and shall have no liability to Recipient or others relating to or resulting from the use of the Information.

3. Recipient shall use the Information provided hereunder only for the purpose of a possible transaction between KELLY (or one of its subsidiaries or affiliates) and Recipient and shall not use the Information for any other purpose. Recipient will not sell, license or provide the use of such Information to any person or entity without the express written consent of KELLY.

4. A. Subject to Paragraph 7, Recipient shall take all measures necessary to safeguard

143345.V3

and protect the Information against disclosure beyond that disclosure permitted herein. Recipient shall not divulge the Information, or any part thereof, to any person or entity unless specifically authorized by a duly authorized representative of KELLY, except that Recipient may disclose the Information exclusively for the purpose stated in Paragraph 3 to its authorized directors, officers, employees, agents or advisors (collectively sometimes referred to in this Agreement as "Representatives") who need to know such Information and who agree to keep such Information confidential and agree to be bound by the terms of this Agreement. Recipient shall cause its Representatives to comply with this and all other provisions of this Agreement.

B. Recipient acknowledges and agrees that, without the prior written consent of KELLY, Recipient will not disclose to any other person or entity, and Recipient will cause its Representatives not to disclose to any other person or entity, the fact that the Information has been made available to Recipient, that discussions or negotiations are taking place concerning a possible transaction between Recipient and KELLY (or one of its subsidiaries or affiliates) or any of the terms, conditions or other facts with respect thereto (including the status thereof); provided however, that Recipient may make such disclosures if Recipient has received the written opinion of counsel, a copy of which shall be provided to KELLY, that such disclosure is required by applicable law.

C. Nothing in this Agreement shall be deemed to prohibit (a) any general solicitation for employment not specifically directed at employees of the Company, including but not limited to, advertisements and searches conducted by a headhunter agency in which the Recipient did not pre-approve the contact list, (b) the employment by the Recipient of any individual who initiated contact with the Recipient or any portfolio company of U.S. Xpress Enterprises, Inc. regarding such employment or (c) the employment by the Recipient of any employee of the Company with whom the Recipient or its Representatives had no contact during the Transaction.

D. Recipient acknowledges and agrees that it is aware, and that Recipient will advise such of its Representatives who are informed as to the matters which are the subject of this Agreement, that the United States securities laws prohibit any person who has received from KELLY material, non-public information concerning the matters which are the subject of this Agreement from purchasing or selling the securities of KELLY or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell securities of KELLY in reliance of such information.

5. Recipient may make copies, excerpts or reproductions of the Information only for its own use, or the use of its authorized Representatives; however, all such copies, excerpts or reproductions may be used only for the purpose stated in Paragraph 3.

6. At the sole and exclusive discretion and upon the request of KELLY, or upon termination of this Agreement, or upon election of Recipient to return the Information, whichever occurs first, Recipient and all authorized third persons or entities in possession of any originals, copies, or excerpts of the Information shall promptly destroy the Information and all originals, copies, or excerpts thereof unless KELLY requests the return of the Information. In the event KELLY requests the return of the Information, the persons or entities having possession of the

143345.V3                                          2

Kelly-000006

Information or any part thereof, at the sole cost and expense of Recipient, shall promptly return to KELLY all such originals, copies, or excerpts.

7.  Nothing in this Agreement shall affect the right of Recipient to use or disclose the Information or any part thereof which (a) is or may hereafter be in the public domain through no breach of this Agreement or any other agreement contemplated herein; (b) is disclosed to Recipient or the general public by some third party or entity in rightful possession of the Information and such disclosure violates no confidentiality obligations to KELLY or any of its subsidiaries or affiliates in such disclosure; or (c) is subsequently disclosed to the general public by KELLY.

8.  This Agreement shall become effective as of the date hereof and shall terminate upon the return or destruction by Recipient of all the Information and all originals or copies, or excerpts thereof at its own election or at the request of KELLY pursuant to Paragraph 6.

9.  Notwithstanding the above Paragraph 8, the obligations of Recipient herein shall survive the termination of this Agreement and shall not expire until five years after the termination of this Agreement, except for the obligations of Recipient contained in Paragraph 4.C., which shall survive the termination of this Agreement and shall not expire until two years after the termination of this Agreement.

10.  Recipient agrees that its breach of any of the foregoing obligations with regard to the Information may cause irreparable injury to KELLY, and there can be no adequate remedy at law for any breach of the Recipient's obligations hereunder. Recipient, therefore, agrees that, upon any such breach or any threat thereof, KELLY shall be entitled to seek appropriate equitable relief in addition to whatever remedies it might have at law, including, but not limited to, injunctive relief which may be brought to enforce any provision of this Agreement, without the necessity of proof that KELLY's remedy at law is inadequate. If KELLY is compelled to bring an action to enforce any provision of this Agreement and a court of competent jurisdiction determines that Recipient breached any such provision, Recipient agrees to pay KELLY's court costs and attorneys' fees.

11.  This Agreement is not assignable by Recipient to any person or entity whatsoever without the prior written consent of KELLY. Any attempted assignment without such written consent shall render the assignment null and void. Subject to the preceding sentence, this Agreement shall be binding upon the successors and assigns of the parties hereto.

12.  This Agreement contains the entire agreement and understanding between the parties as to the subject matter hereof. It merges with and supersedes all prior and contemporaneous agreements, commitments, representations, writings and discussions, whether oral or written. This Agreement may not be superseded, amended or modified except by written agreement signed by the parties hereto.

13.  This Agreement shall be governed by and construed in accordance with the laws of the

Kelly-000007

State of Tennessee.

14. The signatory of this Agreement for Recipient warrants and represents that he has full authority to bind Recipient; and further, that he has sufficient control and authority over all others in whose possession the Information may be placed to assure that the terms, conditions and obligations herein shall be fully complied with and enforced.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives as of the day first above written.

| Kelly Trucking | U.S. Xpress Enterprises, Inc. |
|---|---|
| By: _Guy Kelly_ Print Name: | By: _Dennis Freyenberth_ Print Name: |
| Title: President | Title: VP Business Development |

143345.V3

4

Kelly-000008