# EXHIBIT 14

PLEASE STAMP AND RETURN

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| G.F. KELLY TRUCKING, INC.; and<br>GUY KELLY, individually;<br><br>    Plaintiffs. <br><br>vs.<br><br>U.S. XPRESS ENTERPRISES, INC.;<br>and Fictitious Defendants "A", "B"<br>and C", whether singular or plural,<br>those other persons,<br>corporations, firms or other Entities<br>whose wrongful conduct caused or<br>contributed to cause the injuries<br>and damages to the Plaintiffs, all<br>of whose true and correct names are<br>unknown to Plaintiffs at this time,<br>but will be added by amendment<br>when ascertained,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

CV-2006-042

Filed in Office

MAR 14 2006

KIM S. BENEFIELD
Clerk of Circuit Court

## COMPLAINT

### STATEMENT OF THE PARTIES

1.    Plaintiff G.F. Kelly Trucking, Inc. (hereinafter referred to as "GFK") is a domestic corporation with its principal place of business in Randolph County, Alabama.

2.    Plaintiff Guy Kelly ("Kelly") is over the age of nineteen years and resides in Randolph County, Alabama.

3.    Defendant U.S. Xpress (hereinafter referred to as "USX") is a foreign corporation with its principal place of business in Chattanooga, Tennessee.

4.    Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct

caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5. Plaintiff Kelly is the President and Owner of GFK.

6. On or about June 29, 2005, Ray M. Harlin, Executive Vice-President and Chief Financial Officer of USX sent a letter to Plaintiff Kelly expressing USX's interest in acquiring certain assets of GFK.

7. The letter of June 29, 2005, set forth the basic terms of the proposed transaction and upon both parties execution of the agreement, USX would begin its due diligence investigation and, thereafter, USX and GFK would enter into negotiations for a definitive agreement.

8. On July 22, 2005, Kelly and USX sign a confidentiality agreement.

9. On July 27, 2005, Kelly notifies Dennis Farnsworth of USX that several insurance prepayments such as: 1) Liability, 2) Cargo, 3) Workers Compensation, and 4) Health must be made if the transaction is not closed by August 1, 2005. USX continued to negotiate with Kelly and gave assurances that the transaction would be promptly completed.

10. On August 4, 2005, an Asset Purchase Agreement ("Agreement") was entered into by USX and GFK.

11. During August, 2005, USX continued to change the agreement and delay closing.

12. On August 23, 2005, Farnsworth asked Kelly to approve another adjustment to the purchase agreement. Kelly approved the final terms then Farnsworth asked that Kelly provide him with payoff letters and wiring instructions to complete the transaction.

13. Kelly notified and requested payment from USX for numerous, unexpected operating expenses paid during the recurring postponement of the closing date by USX. The operating expenses wrongfully incurred are as follows: truck tags, insurance, taxes/payables, fuel cost, driver payments and trailer payments.

14. On August 25, 2005, Mr. Harlin sent a letter to Kelly terminating the transaction without providing any reasons for doing so. Outside of the transaction violating a court order, or the parties mutually consenting to terminate, the Agreement cannot be terminated unless a breach has continued without cure for a period of five (5) days after the notice of breach, or if the Closing shall not have occurred by August 31, 2005. None of these conditions were satisfied by USX.

15. The conduct by Defendants was intentional, gross, wanton, malicious or oppressive.

## COUNT ONE

16. Plaintiffs reallege all prior paragraphs of the Complaint as if fully set out herein.

17. At all times herein, Defendant USX was under a duty to pay the purchase price to Plaintiffs pursuant to the Agreement

18. Defendant USX has breached the contractual obligations of the Agreement by failing and refusing to properly pay the purchase price due thereunder.

19. As a proximate consequence of Defendant USX's refusal to pay the monies due under the purchase agreement, Plaintiffs were injured as follows: Plaintiff Kelly did not receive the purchase price due under the contract; Plaintiff lost clients as a result of the breach; Plaintiff's work force was drastically reduced as a result of the breach; Plaintiff's business decreased in value as a result of the breach; Plaintiff lost interest on monies owed under the contract; Plaintiff incurred substantial time and expense in negotiating the Agreement; Plaintiff Kelly suffered mental anguish and emotional distress and will continue to do so; and was otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable, and may award, plus interest and costs.

## COUNT TWO

20. Plaintiffs reallege all prior paragraphs of the Complaint as if set forth fully herein.

21. On August 4, 2005, Defendant USX represented to Kelly that it would pay the monies owed to him pursuant to the Agreement.

22. The representation was false and Defendant USX knew it was false.

23. Plaintiff Kelly relied upon the representations made by Defendant USX and entered into the Agreement.

24. As a proximate consequence of Defendant's fraudulent conduct, Plaintiffs were injured and damaged as alleged in paragraph 19.

WHEREFORE, Plaintiffs demand judgment against Defendant USX in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

25. Plaintiffs reallege all prior paragraphs of the Complaint as if set forth fully herein.

26. At the aforesaid time and place, Defendants USX failed to disclose to Plaintiff Kelly that he would not be paid the monies owed to him pursuant to the purchase agreement. Moreover, USX failed to disclose to Kelly that the negotiation process, Agreement and closing period was nothing more than a fraudulent tactic employed by USX to freeze GFK's operations under the guise of consummating a buyout. In reality, USX sought to suspend GFK's operations for a long enough period of time that its business function was paralyzed and, thus, recovery was impossible.

27. Plaintiffs changed their position and entered into the contract.

28. As a proximate consequence of the suppression, Plaintiffs were injured and damaged as alleged in paragraph 19 above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT FOUR

29. Plaintiffs reallege all prior paragraphs of the Complaint as if set forth fully herein.

30. At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the terms of the agreement.

31. As a proximate consequence of Defendant's fraudulent conduct, Plaintiffs were injured and damaged as alleged in paragraph 19 above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

/s/ Jere L. Beasley
JERE L. BEASLEY (BEA020)
W. DANIEL "Dee" MILES, III (MIL 060)
CLINTON C. CARTER (CAR112)
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.

6

Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – Fax

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL