# EXHIBIT 26

# Result Report

### *Confidential*

08/24/2005

U.S. Xpress
4080 Jenkins Road
CHATTANOOGA, TN  37421
Location: USXpress

Attn:    DER

Re:     SSN: ████████ /Name:Ronald Dewberry
        Specimen ID ████████

The above referenced employee submitted a Drug Screen specimen for DOT,Pre-employment substance abuse testing in accordance with applicable federal regulations, including 49 CFR part 40 and 382, on 08/22/2005.



G.F. Kelley v. U.S. Xpress
D 000569
Defendant's Doc. Production

SPECIMEN ID NO.  106417719

ATN

ADVANCED TOXICOLOGY NETWORK
3560 Air Center Cove, Memphis, TN 38118  (888)222-4894

**STEP 1: COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**

A. Employer Name, Address, I.D. No.
133606

US Xpress/Wadley
P.O. Box 460
Lowell, AR 72745
PH: 423-510-3160  FX: 423-510-3793

B. MRO Name, Address, Phone and Fax No.
Profile # 685436
MRO-Robert Sclay, MD
8668 Hwy. 23, Ste. 4
Belle Chasse, LA 70037
PH: 504-394-4111  FX: 214-987-5600

OMB No. 0930-0158

REMARKS _____

X _____    _____    ___/___/___
   Signature of Medical Review Officer        (PRINT) Medical Review Officer's Name (First, MI, Last)    Date (Mo./Day/Yr.)

**STEP 7: COMPLETED BY MEDICAL REVIEW OFFICER - SPLIT SPECIMEN**

*In accordance with applicable Federal requirements, my determination/verification for the split specimen (if tested) is:*

☐ RECONFIRMED      ☐ FAILED TO RECONFIRM - REASON _____

X _____    _____    ___/___/___
   Signature of Medical Review Officer        (PRINT) Medical Review Officer's Name (First, MI, Last)    Date (Mo./Day/Yr.)

G.F. Kelley v. U.S. Xpress
D 000610
Defendant's Doc. Production

SPECIMEN ID NO. 10C417719

STEP 1: COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE

ADVANCED TOXICOLOGY NETWORK
3560 Air Center Cove, Memphis, TN 38118 (888)2

A. Employer Name, Address, I.D. No.

B. MRO Name, Address, Phone and Fax No.

G.F. Kelley v. U.S. Xpress
D 000504
Defendant's Doc. Production

*March file CR. 378*

# U. S. XPRESS, INC.

4080 Jenkins Road • Chattanooga, TN 37421

*fax 423 510-6138*

# DRIVER APPLICATION

This application is current for thirty (30) days only. Thereafter, if you wish to be considered for employment, you must fill out a new application.
All information must be completed, if a question does not apply, write NONE or "0". PLEASE PRINT.

APPLICANTS, DO NOT WRITE ABOVE THIS LINE.

## PERSONAL

NAME _Dewberry_ (LAST) _Ronald_ (FIRST) _Wayne_ (MIDDLE)   SOCIAL SECURITY # ███████████

OTHER NAMES USED _None_

DATE OF BIRTH _10/29/51_ (MONTH / DAY / YEAR)   EMAIL ADDRESS _____

ADDRESS _5217 36th St SW._ (STREET) _Lanett_ (CITY)

_AL._ (STATE) _Lanett_ _36843_ (ZIP)   CE

NOTIFY IN CASE OF EMERGENCY _Linda Dewberry_

ADDRESS _5217 36 St SW_ (STREET) _Lanett_ (CITY) _AL._ (STATE) _3686_ (ZIP)

REFERRED TO USX BY WHOM? _____

RESIDENCE ADDRESS

G.F. Kelley v. U.S. Xpress
D 000809
Defendant's Doc. Production

HAVE YOU EVER BEEN CONVICTED OF ANY MISDEMEANOR OTHER THAN A TRAFFIC VIOLATION?

☐ YES  ☑ NO  DATE _____ EXPLAIN _____

HAVE YOU EVER BEEN CONVICTED OF A FELONY?

☐ YES  ☑ NO  DATE _____ EXPLAIN _____

G.F. Kelley v. U.S. Xpress
D 001472
Defendant's Doc. Production

O/o

# DRIVER CERTIFICATION FILE

DRIVER NAME _Ronald Wayne Dewberry_

ADDRESS _5217 38th St SW,_    CITY _Lanett_    STATE _AL_    ZIP _36863_

SOCIAL SECURITY NO. ███████████

DATE OF EMPLOYMENT _8-22-05_

neg DIS
Test Hist

need app -

G.F. Kelley v. U.S. Xpress
D 001454
Defendant's Doc. Production

# NFIDENTIAL EMPLOYEE HISTORY

nald W. Dewberry

| yee Name | Employment Date | Status |
|---|---|---|
| 17 38th St SW. | 8-22-05 | ☑ Regular ☐ Part Time ☐ Temporary |

| City | State | Zip |
|---|---|---|
| Lanett | AL. | 36863 |

## ROLL DATA

| y | Gender | Social Security No. | Marital Status | Domicile Terminal |
|---|---|---|---|---|
| 19-51 | M | ████████ | M | Wadley AL. |

## ergency Notify

da Dewberry

| | | City | State | Zip | Phone |
|---|---|---|---|---|---|
| Spouse ✓ | | Lanett | Ala. | 369 | ████ |
| Child | | City | State | Zip | |
| Child | | City | State | Zip | Phone |
| Child | | City | State | Zip | Phone |
| Parent | | City | State | Zip | Phone |
| Parent | | City | State | Zip | Phone |
| Sibling | | City | State | Zip | Phone |
| Sibling | | City | State | Zip | Phone |
| Other | | City | State | Zip | Phone |
| Other | | City | State | Zip | Phone |

G.F. Kelley v. U.S. Xpress
D 001455
Defendant's Doc. Production

G.F. Kelley v. U.S. Xpress
**D 001456**
Defendant's Doc. Production

# Result Report

## *Confidential*

08/24/2005

U.S. Xpress
4080 Jenkins Road
CHATTANOOGA, TN  37421
Location: USXpress

Attn:   DER

Re:   ███████████Name:Ronald Dewberry
      Specimen ID #████████

The above referenced employee submitted a Drug Screen specimen for DOT, Pre-employment substance abuse testing in accordance with applicable federal regulations, including 49 CFR part 40 and 382, on 08/22/2005.



Robert Phug, M.D.
Medical Review Officer

G.F. Kelley v. U.S. Xpress
D 001457
Defendant's Doc. Production

SPECIMEN ID NO. 106417719

ADVANCED TOXICOLOGY NETWORK
3560 Air Center Cove, Memphis, TN 38118 (888)222-4894

STEP 1: COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE

A. Employer Name, Address, I.D. No.    133826

B. MRO Name, Address, Phone and Fax No.

□ NEGATIVE    □ POSITIVE    □ TEST CANCELLED    □ REFUSAL TO TEST BECAUSE:
□ DILUTE    □ ADULTERATED    □ SUBSTITUTED

G.F. Kelley v. U.S. Xpress
D 001458
Defendant's Doc. Production

REMARKS _____

X _____    _____    ___/___/___
Signature of Medical Review Officer    (PRINT) Medical Review Officer's Name (First, MI, Last)    Date (Mo./Day/Yr.)

STEP 7: COMPLETED BY MEDICAL REVIEW OFFICER - SPLIT SPECIMEN

In accordance with applicable Federal requirements, my determination/verification for the split specimen (if tested) is:

□ RECONFIRMED    □ FAILED TO RECONFIRM - REASON _____

X _____    _____    ___/___/___
Signature of Medical Review Officer    (PRINT) Medical Review Officer's Name (First, MI, Last)    Date (Mo./Day/Yr.)

**U.S. XPRESS**          ☑ New I/C          ☐ Re-contracted
**INDEPENDENT CONTRACTOR DATA SHEET**  ☐ Change from Company Driver to I/C
*PLEASE PRINT CLEARLY*          ☐ Info Change only

ORIENTATION COMPLETED AT ___THL___ SERVICE CENTER

POSITION:
☑ Independent contractor  ☐ Driver for Independent Contractor *  ☐ Other _____
*Name of Independent Contractor Fleet Owner *Ronald W Dewberry*

Domicile at *Vadley AL,* Terminal

SOCIAL SECURITY # ▓▓▓▓▓▓  ATE OF CONTRACT _8-22-05_ DATE OF BIRTH: ▓

NAME *Ronald Wayne Dewberry*          NAME CALLED *Ron.*

ADDRESS: *5217 38th St. SW,*

CITY, STATE, & ZIP: *Lanett AL, 36863*

▓▓▓▓▓▓▓▓▓▓▓▓▓▓

GENDER  ☑ MALE ☐ FEMALE          MARITAL STATUS: ☑ MARRIED ☐ SINGLE

**EMERGENCY CONTRACT INFORMATION**
CONTACT NAME: *Linda Dewberry*
RELATIONSHIP: *wife*          PHONE # *334-576-6548*

RACE (your response to this is optional): ☑ White ☐ Black ☐ Asian/Pacific Islander ☐ American Indian/ Alaskan Native ☐ Hispanic ☐ Other

SPOUSE NAME: *Linda Dewberry*          PHONE# (*334*)-*576* - *6548*

**COMPENSATION CHECK DISPOSITION**
**(YOU MUST CHOOSE ONE OF EACH OPTION)**
(Please check choice)
CHECK DISPOSTION: ☐ WIRE COMDATA ☐ DIRECT DEPOSIT ☐ MAIL HOME ☐ MAIL OTHER
SETTLEMENT SHEET DISPOSITION: ☑ MAIL HOME ☐ MAIL OTHER
OTHER ADDRESS _____ / _____ / _____
                              City        State        Zip

▓▓▓▓▓▓▓  STATE: *AL,* EXP DATE: _3-22-07_ ENDORSMENTS: *A M V*

DOT PHYSICAL EXP DATE: _6/23/2007_ VERIFIED EXPERENCE: _17_ YRS____ MOS

COMDATA # _____          Transfund #: _____

**HUMAN RESOURCE USE ONLY**          Log Id # _____
☐ Entered
If re-contracted; original contract date ___ / ___ / ___ Original contract end date ___ / ___ / ___

G.F. Kelley v. U.S. Xpress
D 001459
Defendant's Doc. Production

U.S. Xpress, Inc.

## Equal Employment Opportunity Questionnaire

To ensure compliance with state and federal government regulations, we request that you provide the following information. Your submission of the information is optional. This portion of the application form will not be used for employment decisions. It will not become a part of your applicant file. Persons receiving this information will keep it confidential and use it only in accordance with regulations.

Please Print

Name _Ronald W. Dewberry_ Application Date _8-22-05_

Address _5217 38th St SW, Lanett AL. 36813_

Social Security Number ▆▆▆▆▆▆▆▆ Position Applied For: Driver

> I prefer not to provide this information. Refusal to provide this information will not subject you to any adverse treatment.

▆▆▆▆▆▆▆▆▆▆ each section.

B. Gender: (Male)          Female

C. Race/Ethnic Groups:
   0. White      White persons not of Hispanic origin and having origins in any of the original people of Europe, North Africa, or the Middle East
   1. Black      Black persons not of Hispanic origin and having origins in any of the black racial groups of Africa
   2. Asian or   Asian or Pacific Islander persons having origins in any of the original peoples of the Far East, Southeast, Asia, the Indian Subcontinent of the Pacific Island (i.e. China, Japan, Korea, the Philippines, Hawaii and Samoa)
   3. American   American Indian or Alaskan native persons having origins in any of the original people of North America and who maintain cultural identification through tribal affiliation or community recognition
   4. Hispanic   Hispanic persons of Mexican, Puerto Rican, Cuban, Central or South American, or other Spanish culture or origin, regardless of race
   5. Other      Other-persons who cannot be categorized into any of the above categories, Specify:

D. Method of Referral:

_Kelly Trucking_

G.F. Kelley v. U.S. Xpress
D 001460
Defendant's Doc. Production

U.S. Xpress, Inc.

Authorization for Compensation Deduction For Physical Provided to U.S. Xpress.

I understand that I am responsible for the payment of my physical. I authorize any
company owned by and/or affiliated and/or contracted to U.S. Xpress, Inc. to withhold
the amount listed below from my compensation upon my contract start date.

Physical: $45.00

Print Name _____

Social Security Number _____

Signature _____

_____                Date _____
U.S. Xpress Representative Signature

*(Use this form only when we have paid for driver's physical.)*

G.F. Kelley v. U.S. Xpress
D 001461
Defendant's Doc. Production

U.S. Xpress, Inc.
Acknowledgment of Responsibility

This confirms that _Ronald W. Dewberry_ is an Independent Contractor
(Owner's Name)
Leased to U.S. Xpress, Inc. The Independent Contractor owns/controls Unit # _3138_.

All parties involved understand that _Ronald W. Dewberry_ Independent
(Driver's Name)
Contractor Driver Employee operates Unit # _3138_ for the referenced Independent

Contactor.

Both the Independent Contractor and the Independent Contractor Driver
Employee understands and confirm that the Independent Contactor is responsible for
payment of all wages, tax withholdings and any compensation paid to the Independent
Contactor Driver Employee.

Independent Contactor agrees that Independent Contractor is responsible for
informing Independent Contractor's insurance company that an additional Independent
Contractor Driver Employee has been added.

Date _8-22-05_          Signature _Ronald W. Dewberry_

(The original signed copy of this form is to be retained in the Independent Contactor Driver
Employee's Driver Qualification File.)

G.F. Kelley v. U.S. Xpress
D 001462
Defendant's Doc. Production

U.S. Xpress, Inc.

Independent Contractor Driver Receipt

I acknowledge receipt of the pocket guide relating to Hazardous Materials compliance. This details driver responsibilities and duties in the transportation of hazardous materials, as prescribed by the U.S. Department of Transportation in Title 49 CFR Part 171-80 and 390-397.

I acknowledge receipt of the Emergency Response guides, detailing emergency response procedures as developed under the supervision of the office of hazardous materials initiatives and training, research and special programs administration, U.S. Department of transportation.

I acknowledge receipt of and agree to familiarize myself with the Federal Motor Carriers Safety Regulations (FMCSR), as prescribed by the U.S. Department of Transportation, Parts 382, 383, 387, 390-397 and 399-400 of subchapter B, chapter 3, title 49 of the code of federal regulations. I realize that I may be disqualified as a driver and compensation may be forfeited, if I fail to comply with these regulations.

I acknowledge receipt of a copy of the drug and alcohol policy for all persons covered by D.O.T. regulations, that I have read and fully understand its contacts that I understand I may be subject to drug or alcohol testing, and that I may be disqualified for testing positive or refusing to cooperate in testing.

I acknowledge that from time to time any of the above-referenced publications, forms and regulations may be modified or update, that the company will give me notice of same, that the new documents(s) will be made available to me, and that it is my responsibility to acquire those new documents, read them and company with the contents and provisions.

*************************Note*************************************
This receipt shall be read and signed by the independent contractor driver. A responsible company supervisor shall countersign, and a copy of the receipt will be placed in contractor's personnel file.

Print Name _Ronald W. Dewberry_

Social Security Number █████████████

Signature _Ronald W. Dewberry_    Date _8-22-05_

Supervisor's Signature _Jimmy Stubbs_ Date _8-22-05_

G.F. Kelley v. U.S. Xpress
D 001463
Defendant's Doc. Production

U.S. Xpress, Inc.

## Acknowledgement of Sexual Harassment Policy

I certify that I have read, that I have received, and that I understand the Sexual Harassment and Discrimination Policy of U.S. Xpress, Inc.

Print Name _Ronald W. Dewberry_

Signature _Ronald W Dewberry_     Date _9-22-05_

Witness _[signature]_     Date _8-22-05_

G.F. Kelley v. U.S. Xpress
D 001464
Defendant's Doc. Production

U.S. Xpress, Inc.

Disclosure and Release

In connection with my application for employment or contracting with U.S. Xpress, Inc.,
I understand that consumer reports, which may contain public record information, may be
requested from DAC Services, Tulsa, Oklahoma. These reports may include that
following types of information: names and dates of previous employers, reasons for
termination of employment or contracting, work experience, accidents, etc. I further
understand that such reports may contain public record information concerning my
driving record, worker's compensation claims, criminal records, etc., from federal, state
and other agencies, which maintain such records, as well as information from DAC
Services concerning previous driving record requests, made by others from such state
agencies and state provided driving records.

I authorize, without reservation, any party or agency contacted by DAC to furnish the
above-mentioned information.

I have the right to make a request to DAC 1-800-381-0645, upon proper identification, to
request the nature and substance of all information in its files on me at the time of my
request, including the sources of information, and the recipients of any reports on me
which DAC has previously furnished within the two-year period preceding my request. I
hereby consent to information which DAC has or obtains, and my employment or
contract history with you if I am hired or qualified as an independent contractor driver, to
be supplied by DAC to other companies which subscribe to DAC Services.

I hereby authorize procurement of consumer report(s). This authorization shall remain on
file and shall serve as ongoing authorization for you to procure consumer reports at any
time during my employment or contract period.

Print Name _Ronald W. Dewberry_

Social Security Number █████████████

Signature _Ronald W. Dewberry_    Date _8-22-05_

G.F. Kelley v. U.S. Xpress
D 001465
Defendant's Doc. Production

U.S. Xpress, Inc.

## Notice to Drivers

Trucking companies are regulated by the Federal Highway Administration of the Department of Transportation (DOT), which has the authority to oversee hiring, employment and contracting standards published in the Federal Motor Carrier's Safety Regulations (FMCSR). All drivers are issued and must sign for a copy of the FMCSR and are mandated under federal regulation to become familiar with the contents of the regulation. Likewise, the hiring and contracting process and ongoing employment and contracting criteria at U.S. Xpress and are a product of federal law, state law, and company policy.

Drivers are required to provide a truthful and complete accounting of citations received (Whether they appear on an MVR or not), of accidents (regardless of fault and on public or private property regardless of magnitude), of employment history which accounts for all companies with which work has been performed for any period of time within the period covered by the DOT, both full and part time, and of medical condition, both past and present.

U.S. Xpress, Inc. will conduct an investigation into these areas prior to hire or qualification annually as required by the FMCSR, and intermittently as safety, factors (citation, accidents, medical, etc.) arise. The primary information source will be data supplied by the driver, which he or she will certify to be true and complete as discussed in the preceding paragraph.

U.S. Xpress, Inc. will also contact former employees and carriers, and order whatever information deemed relevant to make a decision as to the hiring or qualification or retention or qualification of a driver.

In making a hiring or qualification decision, it is the intent of U.S. Xpress, Inc. to rely on (1) the company's need for drivers; (2) the pool of qualified applicants; and (3) the qualifications of a driver who is applying measured against a minimum established by law, prudence or company policy.

U.S. Xpress, Inc. does not rely solely on consumer-reporting agencies in making a hiring or qualification decision. It is felt that by going to the information source directly, the driver or previous employer or carrier for instance, we can get a complete and accurate account of the safety history. U.S. Xpress, Inc. does utilize DAC Services, a third party consumer reporting agency, with regards to cross checking employment, prior contracts and other types of information obtained from the driver.

In the event that DAC supplies information which is adverse to an applicant's hire or qualification, this information will be disclosed to the driver in question, and he or she will have the opportunity to reconcile or contest disputed information by calling DAC Services and discussing the issue with them. U.S. Xpress, Inc. will reconsider new information if it is pertinent to the hiring, retention or qualification decision. However, any issue, which is resolved between DAC Services and the applicant, may not require U.S. Xpress, Inc. to alter the original decision.

I understand that it is my responsibility to report information to U.S. Xpress, Inc. concerning accidents, citations, employment, and medical issues. This data should be forwarded to the appropriate department, usually my Driver Manager, the Safety Department, or Driver Personnel, as soon as is practical. I understand that I have the prerogative to dispute inaccurate or incomplete information.

Print Name _Ronald W. Dewberry_

Social Security Number ___███████████___

Signature _Ronald W. Dewberry_                Date _8-22-05_

G.F. Kelley v. U.S. Xpress
D 001466
Defendant's Doc. Production

U.S. Xpress, Inc.

<u>A Commitment to Safety</u>

As a truck driver, my work is challenging Frustration and distractions are constant companions. The time away from my family is difficult. However, as a professional, I understand that others have the right to expect me to always be at my very best. Every move or judgment I make could determine if someone lives or dies. Therefore, I make the following commitment to myself, my family, my customers, my company and those who share the road with me.

I will:

Never operate my vehicle when under the influence of drugs, alcohol or fatigue.

Never let anger, depression or any emotion divert my attention from responsibilities.

Never leave with a load that is not properly secured or operate a truck that has not been inspected and determined to be in safe operating condition.

Never make a U-turn on a roadway.

Avoid following other vehicles too closely.

Never change lanes without using a "direct look" to ensure safe movement.

Never Pass on two lane roads where there is more to lose than gain.

Avoid bobtailing when road conditions are hazardous.

Never block the roadway with my trailer without help in controlling traffic.

Never assume the other person will see my truck and stop.

Never forget that the life I save may be the other drivers or pedestrians on the road.

Signature _Ronald W. Dewberry_   Date _8-22-05_

G.F. Kelley v. U.S. Xpress
D 001467
Defendant's Doc. Production

# U.S. Xpress, Inc.

## Cargo Security
## Policy Guidelines

### "The Driver's Role in Cargo Security and Loss Prevention"

1.) Never leave your vehicle unattended with the engine running or the keys inside. Lock your vehicle. Remember: as well as the potential for loss of equipment and cargo, your personal belongings are in jeopardy, and are not covered by company insurance or U.S. Xpress, Inc.

2.) Do not drop a trailer without permission from Operations, and then, only at an authorized secure location. Permission must be obtained from Operations to Bobtail.

3.) Conduct a vehicle inspection after any extended stop. To avoid someone releasing your fifth wheel when parked, set the trailer parking brake, then slowly pull forward against the kingpin and then set the tractor brake.

4.) Park in only well-lighted and highly visible areas. Avoid parking on surface streets, the shoulder of a highway or in such a manner that a hazard is created. If you must park on the shoulder of the road, your emergency warning devices must be used.

5.) Do not discuss the contents of your trailer with anyone. Be aware of suspicious persons or vehicles. With High Risk/High Value loads, be especially alert shortly after pickup, or when nearing delivery. Do not stop for breaks within 200 miles of picking up a High Value load. Make sure you have the hours and fuel available to comply with these restrictions. If you do not, notify Operations immediately prior to picking up the load.

6.) Seal every load. Maintain an accurate seal manifest. Notify Claims immediately at, (800-601-5500), if you find the seal broken or missing. Never break a seal without getting authorization from the Claims Department.

7.) Follow assigned routing. Notify Operations of any necessary deviations.

8.) Do not pick up hitchhikers or allow unauthorized persons in your truck.

9.) Know where you are going. Avoid unnecessary stops or detours.

10.) If something does not feel right or you are suspicious of a situation out on the road, notify Operations and contact local law enforcement.

Print Name _Ronald W. Dewberry_

Signature _Ronald W. Dewberry_     Date _8-22-05_

G.F. Kelley v. U.S. Xpress
D 001468
Defendant's Doc. Production

*Page 1*

# U. S. XPRESS, INC.

4080 Jenkins Road · Chattanooga, TN 37421

# INDEPENDENT CONTRACTOR DRIVER QUALIFICATION FORM

This qualification form is current for thirty (30) days only. Thereafter, if you wish to be considered for qualification you must fill out a new qualification form. Do not use white out. All information must be completed, If a question does not apply, write NONE or N/A. PLEASE PRINT.

APPLICANTS, DO NOT WRITE ABOVE THIS LINE.

## PERSONAL

NAME _Dewberry    Ronald    W._
    LAST       FIRST     MIDDLE    SOCIAL SECURITY # ████████

OTHER NAMES USED _____    D.O.B. _10/29/51_    EMAIL ADDRESS _____
                          MONTH/DAY/YEAR

ADDRESS _5217 38th St SW._    _Lanett_    _AL._    _31863_ ████
       STREET       CITY     STATE    ZIP

NOTIFY IN CASE OF EMERGENCY _Linda Dewberry_

ADDRESS _5217 38th St_    _Lanett_    _AL_    _36863_
       STREET       CITY     STATE    ZIP

ARE YOU CURRENTLY EMPLOYED? ☑ YES ☐ NO

ARE YOU CURRENTLY AN INDEPENDENT CONTRACTOR? ☑ YES ☐ NO

HAVE YOU EVER APPLIED HERE BEFORE? ☐ YES ☑ NO    DATE _____

HAVE YOU HAD ANY PREVIOUS ASSOCIATION WITH THIS COMPANY? ☐ YES ☑ NO    IF YES, ANSWER A) AND B)

A) DATES:  FROM _____    TO _____    POSITION _____

B) REASON FOR LEAVING _____

WERE YOU REFERRED TO OUR COMPANY? ☑ YES ☐ NO    BY WHOM? _Kelly Trucking_

## RESIDENCE ADDRESS

LIST RESIDENCE ADDRESSES FOR THE PAST 3 YEARS.

(1) FROM _9-1997_ TO _PRESENT_ _5217 38th St SW. Lanett_    _AL_    _36863_
                      STREET      CITY    STATE    ZIP

(2) FROM _____ TO _____    _____
                      STREET      CITY    STATE    ZIP

(3) FROM _____ TO _____    _____
                      STREET      CITY    STATE    ZIP

## EDUCATION

### TRUCK DRIVING SCHOOL

HAVE YOU ATTENDED TRUCK DRIVING SCHOOL? ☑ YES ☐ NO    GRADUATION DATE _1970_

NAME _Army_    LOCATION: _Fort Polk La._

## MILITARY STATUS

G.F. Kelley v. U.S. Xpress
D 001469
Defendant's Doc. Production

HAVE YOU SERVED IN THE U.S. ARMED FORCES? ☑ YES ☐ NO

BRANCH _Army_    DATES: FROM _12-24-68_    TO _12-27-70_

ARE YOU CURRENTLY A MEMBER OF THE ACTIVE RESERVES OR NATIONAL GUARD? ☐ YES ☑ NO

Name of Company

City                           State            Zip

Address of Company                  Reason for Leaving

Your Job Classification              Name of Supervisor

G.F. Kelley v. U.S. Xpress
D 001470
Defendant's Doc. Production

Name of Company

Address of Company

Reason for Leaving

G.F. Kelley v. U.S. Xpress
D 001471
Defendant's Doc. Production

☐ YES ☑ NO  DATE _____ EXPLAIN _____ .

HAVE YOU EVER BEEN CONVICTED OF ANY MISDEMEANOR OTHER THAN A TRAFFIC VIOLATION?

☐ YES ☑ NO  DATE _____ EXPLAIN _____

HAVE YOU EVER BEEN CONVICTED OF A FELONY?

☐ YES ☑ NO  DATE _____ EXPLAIN _____

G.F. Kelley v. U.S. Xpress
D 001472
Defendant's Doc. Production

LIST ALL DRIVERS LICENSES THAT YO
PRESENTLY HOLD OR HAVE HELD

ACCIDENTS

G.F. Kelley v. U.S. Xpress
D 001473
Defendant's Doc. Production

| | | | | | POV | CMV |
|---|---|---|---|---|---|---|
| | | | | | POV | CMV |
| | | | | | POV | CMV |

## AGREEMENT (PLEASE READ THE FOLLOWING STATEMENTS CAREFULLY)

I understand that U.S. Xpress, Inc. follows the practice of requiring contract drivers to successfully complete a DOT physical, drug test, alcohol test or other tests, as a term and condition of qualification and from time to time thereafter to submit to a DOT physical, drug test, alcohol test, or other tests, upon request, as a term and condition of continued qualification. Therefore, I hereby knowingly and freely give my consent to submit to DOT physicals, drug tests, alcohol tests, or other tests, and further agree to submit to DOT physicals, drug tests, alcohol tests or other tests from time to time when so requested. I understand that my qualification is contingent upon obtaining DOT certification as well as successful completion of the Contractor Information Session.

In connection with my qualification with you, I understand that an investigative consumer report is being requested that will include information as to my character, credit history, work habits, performance, experience, drug and alcohol test results, including results from any pre-qualification drug and/or alcohol test during the past two (2) years, along with reasons for termination of past employment, and/or contracts, obtained from previous employers or lessees. Further, I understand that you will be requesting information concerning my driving record and/or information from various state agencies which maintain records concerning credit record, criminal history, traffic offenses and accidents, as well as information concerning my previous driving record requests made by others from such state agencies. I understand that I have a right to make a written request within a reasonable amount of time to receive additional detailed information about the nature and scope of this investigation. I hereby authorize U.S. Xpress, Inc. to obtain the above-described information, and agree that such information, and my employment or contract history with you if I am qualified, will be supplied to other companies which subscribe to consumer reporting services.

I further consent to you furnishing to consumer reporting services information concerning my character, work habits, performance, driving record and experience, as well as any reasons for termination of my qualifications, including drug and alcohol test results, and further consent to these services furnishing such information in the future to other companies which subscribe to these services from which I am subsequently seeking employment or contract.

This certifies that this qualification form was completed by me and that all entries on it are true and complete to the best of my knowledge. I also agree that falsified information or significant omissions may result in my disqualification now or at any time. I understand that U.S. Xpress, Inc. may use an electronic filing system which includes the imaging and storing of my qualification forms. Therefore, my original paper forms may not be retained.

I understand that my qualification can be terminated, with or without cause, at any time at the discretion of either the company or myself. In addition, in consideration of any offer of contract, I agree to mediation to address any claims relating to the qualification process or any dispute arising out of my status as a contractor or driver and/or the agreements related thereto.

In accordance with Sections 382.405, 382.413 & 391.23 of the Federal Motor Carrier Safety Regulations, I authorize any and all persons and/or institutions to provide any relevant information, including my alcohol, and controlled substances testing/training, that may be required to complete my qualification and I agree to release them from any and all liability for supplying said information.

## APPLICANTS AUTHORIZATION
## TO OBTAIN PAST DRUG AND ALCOHOL TEST RESULTS

I, *Ronald W. Dewberry* understand that as a condition of hire with U. S. Xpress, I must give U. S. Xpress written authorization to obtain the results of all D.O.T. required drug and/or alcohol tests (including any refusals to be tested) from all of the companies for which I worked as a driver, or for which I took a pre-employment drug and/or alcohol test, during the past (3) years. I have also been advised and understand that my signing of this authorization does not guarantee me a job or guarantee that I will be offered a position with U. S. Xpress.

Below I have listed all of the companies for which I have worked for as a driver, or to which I applied as a driver during the last (3) years. I hereby authorize U. S. Xpress to obtain from those companies, and I hereby authorize those companies to furnish to U. S. Xpress the following information concerning my drug and alcohol tests: (i) all positive drug tests results during the past three (3) years; (ii) all alcohol test results of 0.04 or greater during the past three (3) years; (iii) all alcohol tests results of 0.02 or greater but less than 0.04 during the past three (3) years; (iv) all instances in which I refused to submit to a D.O.T. required drug and/or alcohol test during the past three (3) years.

The following is a list of all the companies for which I worked as a driver, or for which I attended orientation as a driver, during the past three (3) years:

| Company name and phone number | Dates worked for/applied: |
|---|---|
| Kelly Trucking | 10-29-97 - 8-22-05 |
| US /Express / | 8-22-05 |
| | |
| | |
| | |

## APPLICANTS CERTIFICATION:

I have carefully read and fully understand this authorization to release my past drug and alcohol test results. In signing below, I certify that all of the information, which I have furnished, on this form is true and complete, and that I have identified all of the companies for which I have either worked, or applied for work, as a driver during the past two years.

*Ronald W. Dewberry*                    ██████████                    *8-22-05*
Signature of applicant                    SSN                    DATE

G.F. Kelley v. U.S. Xpress
D 001474
Defendant's Doc. Production

RECORD OF ROAD TEST
(Check only those items on which the driver's performance is
unsatisfactory. Explain unsatisfactory items under remarks)

Name: _Rena Howard_ Address: _5217 38th St SW, Lanett AL 36863_
License No. [redacted] State: _AL_ Equipment Driven: Tractor _FLCONV/VOLVO_ Trailer_53'_
Checked From: _Headquarters_ To: _Montual_ Date: _8-25-05_

**Part 1 - Pre-Trip Inspection and Emergency**
**Equipment**

Checks general condition approaching unit _____
Looks for leakage of coolants, fuel and lubricants _____
Checks under the hood - oil, water, general condition
  of engine compartment and steering _____
Checks around the unit - tires, lights, trailer hookup
  brake and light lines, body, doors, horn, windshield
  wipers, rear end protection (bumper) _____
Test brake action, tractor protection valve, and
  parking (hand) brake _____
Knows use of jacks, tools, emergency warning devices,
  fire chains, fire extinguisher, spare fuses, and
  four-way flashers _____
Checks Instruments _____
Cleans windshield, windows, mirrors, lights, and
  reflectors _____

**Part 2 - Placing vehicle in motion and use of controls**

**A. Engine**
Starts engine without difficulty _____
Allows proper warm-up _____
Understands gauges on instrument panel _____
Maintains proper engine speed while driving _____
Basic Knowledge of motors - gas, diesel _____
Abuse of motor _____

**B. Clutch and Transmission**
Starts loaded unit smoothly _____
Uses clutch properly _____
Times gearshifts properly _____
Shifts gears smoothly _____
Uses proper gear sequence _____

**C. Brakes**
Understands operating principles of air brakes _____
Knows proper use of tractor protection valve _____
Understands low air warning _____
Test brakes before starting trip _____

Fails to check traffic conditions & signal
  when pulling out from parked position _____
Parks in illegal or unsafe location _____

**C. Parking (road)**
Parks off pavement _____
Avoids parking on soft shoulder _____
Uses emergency warning signals when
  required _____
Secured unit properly _____

**D. Steering**
Fights steering wheel _____
Allows truck to wander _____

**E. Lights**
Knows lighting regulations _____
Uses proper headlight beam _____
Dim lights when meeting or following other vehicles _____
Adjust speed to range of headlights _____
Proper use of auxiliary lights _____

**Part 3 - Coupling and Uncoupling**

Lines up units _____
Hooks brake and light lines properly _____
Secures trailer against movement _____
Backs under slowly _____
Tests hookup with power _____
Checks hookups visually _____
Handles landing gear properly _____
Proper hook-up of full trailer _____
Secures power unit against movement _____

**Part 4 - Backing and Parking**

**A. Backing**
Gets out and checks before backing _____
Looks back as well as uses mirror _____
Gets out and rechecks conditions on
  long back _____
Avoids backing from blind spot _____
Signals when backing _____
Controls speed and direction properly
  while backing _____

**B. Parking (city)**
Takes too many pull ups _____
Hits nearby vehicles or stationary objects _____
Hits curb _____
Parks too far from curb _____

**D. Grade Crossings**
Adjusts speed to conditions _____
Makes safe stop, if required _____
Selects proper gear _____

**F. Speed**
Speed consistent with basic ability _____
Adjusts speed properly to road, weather,
  traffic conditions, legal limits _____
Slows down for rough roads _____
Slows down in advance of curves,

G.F. Kelley v. U.S. Xpress
D 001475
Defendant's Doc. Production

Part 5 - Slowing and Stopping

Uses gears properly ascending _____

Gears down properly _____

Stops and restarts without rolling back _____

Test brakes at top of hills _____

Uses brakes properly on grades _____

Uses mirrors to check traffic to rear _____

Signals following traffic _____

Avoids sudden stops _____

Stops smoothly without excessive
fanning _____

Stops before crossing sidewalk when
coming out of driveway or alley _____

Stops clear of pedestrian crosswalk _____

Part 6 - Operating in traffic Passing and Turning

A. Turning

Gets in proper lane well-in advance _____

Signals well in advance _____

Checks traffic conditions and turns only when
way is clear _____

Does not swing wide or cut short while turning _____

B. Traffic Signs and Signals

Does not approach signal prepared to stop if
necessary _____

Violates traffic signal _____

Runs yellow light _____

Starts up too fast or too slow on green _____

Fails to notice or heed traffic signs _____

Runs "stop" signs _____

C. Intersections

Adjusts speed to permit stopping if necessary _____

Checks for cross traffic regardless of traffic controls _____

Yields right-of-way for safety _____

E. Passing

Passes with insufficient clear space
ahead _____

Passes in unsafe location, hill, curve,
intersection _____

Fails to signal change of lanes _____

Pulls out and back - uncertain _____

Tailgates waiting chance to pass _____

Blocks traffic with slow pass _____

Cuts in too short returning to right lane _____

Intersections, etc. _____

Maintains consistent speed _____

G. Courtesy and Safety

Depends on others for safety _____

Yields right-of-way for safety _____

Fails to go ahead when given right-of-
way by others _____

Tends to crowd other drivers or force
way through traffic _____

Fails to allow faster traffic to pass _____

Fails to keep right and in own lane _____

Unnecessary use of horn _____

Other discourtesy or improper conduct _____

Part 7- Miscellaneous

A. General Driving Ability and Habits

Consistently alert and attentive _____

Consistently aware of changing traffic
conditions _____

Adjusts driving to meet changing
conditions _____

Performs routine functions without taking
eyes from road _____

Checks instruments regularly _____

Willing to take instructions & suggestions _____

Adequate self-confidence in driving _____

Nervous, apprehensive _____

Easily angered _____

Complains too much _____

Personal appearance, manner, cleanliness _____

Physical Stamina _____

B. Handling of Freight

Checks freight properly _____

Handles and loads freight properly _____

Handles bills properly _____

Breaks down load as required _____

C. Rules and Regulations

Knowledge of company rules _____

Knowledge of regulations, federal, state
local _____

Knowledge of special truck routes _____

D. Use of Special Equipment (specify)
_____

Remarks:

OK For 1st seat
_____
_____
_____

General Performance: Satisfactory ___X___ Needs Training _____ Unsatisfactory _____

Qualified for: Truck ___✓___ Tractor-Semi trailer ✓ X_____ Other _____

Signature of Examiner: _Wallace L Beard_____

G.F. Kelley v. U.S. Xpress
D 001476
Defendant's Doc. Production

## Certificate of Compliance
### Verification of Single License/Traffic Violation Reporting

### Notice to Drivers

The Commercial Motor Vehicle Safety Act of 1986 provides for a new set of controls over the drivers of commercial vehicles. The new law applies to all drivers operating vehicles and combinations with a Gross Vehicle Weight rating over 26,000 pounds and to any vehicle regardless of weight transporting hazardous materials.

The following provisions of this legislation become effective July 1, 1987:

1. No driver may possess more than one license and no motor carrier may use a driver having more than one license. A limited exception is made for drivers who are subject to non-resident licensing requirements of any state. This exception does not apply after December 31, 1989.
2. A driver convicted of a traffic violation (other than parking) must notify the motor carrier AND the state which issued the license to that driver of such conviction within 30 days.
3. Any person applying for a job as a commercial vehicle driver must inform the prospective employer of all previous employment as the driver of a commercial vehicle for the past 10 years, in addition to any other required information about the applicant's employment history.
4. Any violation is punishable by a fine not to exceed $2500. In addition, the Federal Motor Carrier Safety Regulations now require that a driver who loses any privilege to operate a commercial vehicle or who is disqualified from operating a commercial vehicle must advise the motor carrier the next business day after receiving notification of such action.

## To Be Retained By Motor Carrier

### Certification by Driver

I hereby certify that I have read and understand the driver provisions of the Commercial Motor Vehicle Safety Act of 1986, which became effective on July 1, 1987.

Driver's Name _Ronald W. Dewberry_ ████████████

Address _5217 38th St SW,     Lanett AL._

License: State _AL_   Class _A m V_ Lice████████████

i further certify that the above commercial vehicle license is the only one held or that I have surrendered the following licenses to the states indicated.

State _____ Class _____ License # _____

State _____ Class _____ License # _____

Driver's Signature: _Ronald W. Dewberry_

G.F. Kelley v. U.S. Xpress
**D 001477**
Defendant's Doc. Production

# NOTICE TO ALL DRIVERS

The cornerstone of any motor carrier safety program is driver compliance with logging regulations. These regulations assure a rested driver who is less likely to have an accident. As most of you are aware, the United States Department of Transportation and the various state enforcement agencies have an intensified enforcement program in regards to log compliance among drivers of tractor-trailer equipment.

One of the recurring problems is the falsification of daily logs by the drivers. Not only is this illegal, but it places the Carrier, and you, the Driver in a position to be fined for each violation by the U.S. DOT. We need your help in controlling these log violations.

Do not exceed your hours of service. Remember you must have a 10 hour break after 11 hours of driving, you cannot drive after having worked more than 14 consecutive hours and you cannot exceed 70 hours in 8 days. If you are having problems completing your logs as required by the DOT and the Company, contact the Safety Department. We appreciate and thank you for your continued cooperation.

Safety Department

## 7-Day Backlog

Full Name of Driver (Print): *Ronald Wayne Dewberry*

Social Security Number: ███████████

Motor Vehicle Operators License Number: ███████████

Type of License: A    Issuing State: AL,  Exp. Date: 3-22-07

| ay | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Total |
|---|---|---|---|---|---|---|---|---|
| Date | / /05 | / /05 | / /05 | / /05 | / /05 | / /05 | / /05 | ███ |
| Hours Worked | | | | | | | | |

I qualify for the 34-hour restart exception during this period, as I was off duty for over 34 consecutive hours from *9oo pm* am/pm *8/19/05* through *8-22-05* am/pm ___/___/___.

I hereby certify that the information given above is correct to the best of my knowledge and belief, and that I was last relieved from work at:

*10oo* , *22* , *8* , *2005* .
Time      Day       Month      Year

*Ronald W. Dewberry*
Driver's Signature                              *8-22-05*
                                                  Date

G.F. Kelley v. U.S. Xpress
D 001478
Defendant's Doc. Production