# EXHIBIT 65



# DRIVER CERTIFICATION FILE

DRIVER NAME  Rickey A. Gleaton

Mailing ADDRESS  P.O. Box 75

685045 ~~Hwy 26 N Lot 22~~    CITY  Cusseta    ~~Opelika~~    STATE  AL    ZIP  36852 / 36804

SOCIAL SECURITY NO.  [REDACTED]

DATE OF EMPLOYMENT  8/24/05

[large redacted black box]

G.F. Kelley v. U.S. Xpress
D 002396
Defendant's Doc. Production



G.F. Kelley v. U.S. Xpress
D 002397
Defendant's Doc. Production



G.F. Kelley v. U.S. Xpress
D 002398
Defendant's Doc. Production

| HAZ-MAT EMPLOYEE TRAINING REQUIRED | | | |
|---|---|---|---|
| GENERAL AWARENESS | | SAFETY TRAINING | |
| FUNCTION SPECIFIC | | DRIVER TRAINING | |
| RECURRENT TRAINING DATE (Three years from most recent Training) | | 8-24-08 | |

| Name (last   First   Middle) | Employer |
|---|---|
| Gleaton  Rickey  Anthony | USXpress Enterprises |
| Social Security # | Address |
| [redacted] | 4080 Jenkins Road |
| Job Position | City              State         Zip |
| OTR Driver | Chattanooga   TN          37421 |

### REGULATIONS

172.704(d) Recordkeeping. A record of current training, inclusive of the preceding two years, in accordance with this subpart shall be created and retained by each hazmat employer for each hazmat employee for as long as that employee is employed by that employer as a hazmat employee and for 90 days thereafter. The record shall include (1) The hazmat employee's name; (2) The most recent training completion date of the hazmat employee's training; (3) A description copy, or the location of the training materials to be used to meet the requirements in paragraph (a) of this section; (4) The name and address of the person providing the training; and (5) Certification that the hazmat employee has been trained and tested as required by this subpart.

172.704(e) Limitation. A hazmat employee who repairs, modifies, reconditions, or tests packagings as qualified for use in the transportation of hazardous materials, and who does not perform any other function subject to the requirements of this subchapter, is not subject to the safety training requirements of paragraph (a)(3) of this section.

### INSTRUCTIONS

The training requirements in 172.704 and 177.816 cover four areas of training for hazmat employees. Based on the training required for the above named hazmat employee, provide the training and testing for compliance. Satisfy the recordkeeping requirements in 172.704 (d) by completing the information on this form.

**Section 1**                                                    **Current Training**

| Completion date | Description of training, copy or location of training material used | Trainer/ Address | Training and testing certified by | Date |
|---|---|---|---|---|
| 8-24-05 | Haz-mat 126/181 | USXpress Enterprises | | 8-24-05 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Section 2**                                    **Relevant Training**

Provide information from previous Hazmat employment training. Attach appropriate current records from the previous employer

G.F. Kelley v. U.S. Xpress
D 002399
Defendant's Doc. Production

*Michelle ext. 5182*
*fax 423 510-6138*

## U. S. XPRESS, INC.
4030 Jenkins Road • Chattanooga TN 37421

## DRIVER APPLICATION

This application is current for thirty (30) days only. Thereafter, if you wish to be considered for employment, you must fill out a new application. All information must be completed. If a question does not apply, write NONE or "0". PLEASE PRINT.

APPLICANTS, DO NOT WRITE ABOVE THIS LINE.

### PERSONAL

NAME: Gleaton Rickey Anthony  SOCIAL SECURITY # [redacted]
OTHER NAMES USED: NONE
DATE OF BIRTH: [redacted]   Mailing ADDRESS: P.O. Box 75 Cusseta, Al 36852
Physical ADDRESS: 6850 U.S. HWY 29 N. #23 Opelika, Al 36804   PHONE # [redacted]   CELL PHONE # [redacted]
NOTIFY IN CASE OF EMERGENCY: Edwin E. Gleaton SR.   PHONE # [redacted]
ADDRESS: 4114 County Rd 299 Cusseta, Al 36852
REFERRED TO USX BY WHOM? _____

### RESIDENCE ADDRESS

LIST RESIDENCE ADDRESSES FOR THE PAST 3 YEARS
(1) FROM 05/01 TO present  6850 US HWY 29 N. #23  Opelika  Al  36804
(2) FROM ___ TO ___
(3) FROM ___ TO ___

### EDUCATION

TRUCK DRIVING SCHOOL
HAVE YOU ATTENDED TRUCK DRIVING SCHOOL? ☑ YES ☐ NO   GRADUATION DATE: Oct. '97
NAME: SCHNIEDER NATIONAL   LOCATION: CHARLOTTE, NC

### MILITARY STATUS

HAVE YOU SERVED IN THE U.S. ARMED FORCES? ☐ YES ☑ NO
BRANCH: N/A   DATES: FROM ___ TO ___
ARE YOU CURRENTLY A MEMBER OF THE ACTIVE RESERVES OR NATIONAL GUARD? ☐ YES ☑ NO
LIST ANY SPECIAL SKILLS OR TRAINING THAT YOU RECEIVED: N/A

G.F. Kelley v. U.S. Xpress
D 002400
Defendant's Doc. Production

G.F. Kelley v. U.S. Xpress
D 002401
Defendant's Doc. Production



* Disclosure of this information does not necessarily disqualify you from consideration.

USX-DA-Rev. 3-05

G.F. Kelley v. U.S. Xpress
D 002402
Defendant's Doc. Production

| | | | | | | POV | CMV |
|---|---|---|---|---|---|---|---|
| | | | | | | POV | CMV |

## AGREEMENT (PLEASE READ THE FOLLOWING STATEMENTS CAREFULLY)

I understand that J.B. Xpress Enterprises, Inc. and its subsidiaries follow the practice of requiring driver applicants to successfully complete a DOT physical, drug test, alcohol test or other tests, as a term and condition of qualification and from time to time thereafter to submit to a DOT physical, drug test, alcohol test, or other tests, upon request, as a term and condition of continued qualification. I hereby knowingly and freely give my consent to submit to DOT physicals, drug tests, alcohol tests, or other tests, and further agree to submit to DOT physicals, drug test, alcohol test, or other tests from time to time when so requested. I understand that any job offer is contingent upon obtaining DOT certification, as well as successful completion of the orientation.

In connection with my application for qualification with you, I understand that an investigative consumer report(s) are being requested that will include information as to my character, credit history, work habits, performance, experience, accident history, drug and alcohol test results, including results from any pre-employment drug and/or alcohol test, along with reasons for termination of past employment obtained from previous employers. Further, I understand that you will be requesting information concerning my driving record and/or information from various state agencies that maintain records concerning credit record, criminal history, traffic offenses and accidents, as well as information concerning my previous driving record requests made by others from such state agencies. I understand that I have a right to make a written request within a reasonable amount of time to receive additional detailed information about the nature and scope of its investigation. I hereby authorize U.S. Xpress Enterprises, Inc. and its subsidiaries to obtain the above-described information, and agree that such information, and my experience if any with you if I am qualified, will be supplied to other companies.

I further consent to you furnishing to consumer reporting services information concerning my character, work habits, performance, driving record and experience, as well as any reasons for termination of my qualifications, including drug and alcohol test results, and to that consent to these services furnishing such information in the future to other companies which subscribe to these services from which I am seeking employment.

This certifies that this application was completed by me and that all entries on it are true and complete to the best of my knowledge. I also agree that false information and significant omissions may result in my disqualification now or at any time. I understand that U.S. Xpress Enterprises, Inc. and its subsidiaries use an electronic filing and signature system which includes the imaging and storing of employment applications. Therefore, my original paper application will not be retained. I understand that an electronic signature will be binding upon me to the same extent as a handwritten.

I understand that my qualification can be terminated, with or without cause, at any time at the discretion of either the company or myself.

In accordance with Section(s) 390.405, 352.413 & 391.23 of the Federal Motor Carrier Safety Regulations, I authorize any and all persons and/or institutions to provide any relevant information, including my alcohol and controlled substances testing/training and accident history that may be required to complete my qualification and I agree to release them from any and all liability for supplying said information.

_____ Signature        17 Aug. 2005        Date

USX is an Equal Opportunity Employer        USX-DA-Rev. 2-05

G.F. Kelley v. U.S. Xpress
D 002403
Defendant's Doc. Production

## APPLICANTS AUTHORIZATION
## TO OBTAIN PAST DRUG AND ALCOHOL TEST RESULTS

I, _Rickey A. Heaton_, understand that as a condition of hire with U. S. Xpress, I must give U. S. Xpress written authorization to obtain the results of all D.O.T. required drug and/or alcohol tests (including any refusals to be tested) from all of the companies for which I worked as a driver, or for which I took a pre-employment drug and or alcohol test, during the past (3) years. I have also been advised and understand that my signing of this authorization does not guarantee me a job or guarantee that I will be offered a position with U. S. Xpress.

Below I have listed all of the companies for which I have worked for as a driver, or to which I applied as a driver during the last (3) years. I hereby authorize U. S. Xpress to obtain from those companies, and I hereby authorize those companies to furnish to U. S. Xpress the following information concerning my drug and alcohol tests: (i) all positive drug tests results during the past three (3) years; (ii) all alcohol test results of 0.04 or greater during the past three (3) years; (iii) all alcohol tests results of 0.02 or greater but less than 0.04 during the past three (3) years; (iv) all instances in which I refused to submit to a D.O.T. required drug and/or alcohol test during the past three (3) years.

The following is a list of all the companies for which I worked as a driver, or for which I attended orientation as a driver, during the past three (3) years:

| Company name and phone number | Dates worked for/applied: |
|---|---|
| G.F. KELLY INC | 6/2003 - PRESENT |
| VAUGHN TRANSPORT | 2/01 - 6/03 |
| | |
| | |

### APPLICANTS CERTIFICATION:

I have carefully read and fully understand this authorization to release my past drug and alcohol test results. In signing below, I certify that all of the information, which I have furnished, on this form is true and complete, and that I have identified all of the companies for which I have either worked, or applied for work, as a driver during the past two years.

_Rickey A. Heat_                      ▇▇▇▇▇▇▇                      _24 Aug 2005_
Signature of applicant                    SSN                                DATE

G.F. Kelley v. U.S. Xpress
D 002404
Defendant's Doc. Production

RECORD OF ROAD TEST

(Check only those items on which the driver's performance is unsatisfactory. Explain unsatisfactory items under remarks)

Name: Rickey A. Deaton   6850 US. HWY 29 N. #23 Opelika, AL 36804
License No: 5726128   State: AL   Equipment Driven: Tractor FLCONV VOLVO Trailer ??
Tested From: Lanett To: Woodley   Date: Aug. 24, 05

### Part 1 - Pre-Trip Inspection and Emergency Equipment

- Checks general condition approaching unit
- Checks for leakage of coolants, fuel and lubricants
- Checks under the hood - oil, water, general condition of engine compartment and steering
- Checks around the unit - tires, lights, trailer hookup brake and light lines, body, doors, horn, windshield wipers, rear end protection (bumper)
- Checks brake action, tractor protection valve, and parking (hand) brake
- Knows use of jacks, tools, emergency warning devices, tire chains, fire extinguisher, spare fuses, and four way flashers
- Checks Instruments
- Cleans windshield, windows, mirrors, lights, and reflectors

### Part 2 - Placing vehicle in motion and use of controls

**A. Engine**
- Starts engine without difficulty
- Allows proper warm-up
- Understands gauges on instrument panel
- Maintains proper engine speed while driving
- Basic Knowledge of motors - gas, diesel
- Abuse of motor

**B. Clutch and Transmission**
- Starts loaded unit smoothly
- Uses clutch properly
- Times gearshifts properly
- Shifts gears smoothly
- Uses proper gear sequence

**C. Brakes**
- Understands operating principles of air brakes
- Knows proper use of tractor protection valve
- Understands low air warning
- Test brakes before starting trip

Fails to check traffic conditions & signal when pulling out from parked position
Parks in illegal or unsafe location

**C. Parking (road)**
- Parks off pavement
- Avoids parking on soft shoulder
- Uses emergency warning signals when required
- Secured unit properly

**D. Steering**
- Fights steering wheel
- Allows truck to wander

**E. Lights**
- Knows lighting regulations
- Uses proper headlight beam
- Dim lights when meeting or following other vehicles
- Adjust speed to range of headlights
- Proper use of auxiliary lights

### Part 3 - Coupling and Uncoupling

- Lines up units
- Hooks brake and light lines properly
- Secures trailer against movement
- Backs under slowly
- Tests hookup with power
- Checks hookups visually
- Handles landing gear properly
- Proper hook-up of full trailer
- Secures power unit against movement

### Part 4 - Backing and Parking

**A. Backing**
- Gets out and checks before backing
- Looks back as well as uses mirror
- Gets out and rechecks conditions on long back
- Avoids backing from blind spot
- Signals when backing
- Controls speed and direction properly while backing

**B. Parking (city)**
- Takes too many pull ups
- Hits nearby vehicles or stationary objects
- Hits curb
- Parks too far from curb

**D. Grade Crossings**
- Adjusts speed to conditions
- Makes safe stop, if required
- Selects proper gear

**F. Speed**
- Speed consistent with basic ability
- Adjusts speed properly to road, weather, traffic conditions, legal limits
- Slows down for rough roads
- Slows down in advance of curves

G.F. Kelley v. U.S. Xpress
D 002405
Defendant's Doc. Production

rt 5 - Slowing and Stopping

:s gears properly ascending _____
ars down properly _____
ops and restarts without rolling back _____
,s brakes at top of hills _____
es brakes properly on grades _____
es mirrors to check traffic to rear _____
mals following traffic _____
oids sudden stops _____
ops smoothly without excessive
  amming _____
ops before crossing sidewalk when
  oming out of driveway or alley _____
ops clear of pedestrian crosswalk _____

rt 6 - Operating in traffic Passing and Turning
. Turning
ets in proper lane well in advance _____
gnals well in advance _____
ecks traffic conditions and turns only when
way is clear _____
oes not swing wide or cut short while turning _____

. Traffic Signs and Signals
oes not approach signal prepared to stop if
  necessary _____
iolates traffic signal _____
uns yellow light _____
arts up too fast or too slow on green _____
ails to notice or heed traffic signs _____
uns "stop" signs _____

. Intersections
djusts speed to permit stopping if necessary _____
hecks for cross traffic regardless of traffic controls _____
ields right-of-way for safety _____

. Passing
asses with insufficient clear space
  ahead _____
asses in unsafe location;hill, curve,
  intersection _____
ails to signal change of lanes _____
ulls out and back - uncertain _____
ailgates waiting chance to pass _____
locks traffic with slow pass _____
uts in too short returning to right lane _____

intersections, etc _____
Maintains consistent sp___ _____

G. Courtesy and Safety
Depends on others for safety _____
Yields right-of-way for safety _____
Fails to go ahead when given right-of-
  way by others _____
Tends to crowd other drivers or force
  way through traffic _____
Fails to allow faster traffic to pass _____
Fails to keep right and in own lane _____
Unnecessary use of horn _____
Other discourtesy or improper conduct _____

Part 7- Miscellaneous
A. General Driving Ability and Habits
Consistently alert and attentive _____
Consistently aware of changing traffic
  conditions _____
Adjusts driving to meet changing
  conditions _____
Performs routine functions without taking
  eyes from road _____
Checks instruments regularly _____
Willing to take instructions & suggestions _____
Adequate self-confidence in driving _____
Nervous, apprehensive _____
Easily angered _____
Complains too much _____
Personal appearance, manner, cleanliness _____
Physical Stamina _____

B. Handling of Freight
Checks freight properly _____
Handles and loads freight properly _____
Handles bills properly _____
Breaks down load as required _____

C. Rules and Regulations
Knowledge of company rules _____
Knowledge of regulations, federal, state
  local _____
Knowledge of special truck routes _____
D. Use of Special Equipment (specify)
_____

Remarks:
OK For 1st seat
_____
_____

General Performance: Satisfactory __X__ Needs Training _____ Unsatisfactory _____
Qualified for: Truck _X_ Tractor-Semi trailer _X_X_ Other _____

Signature of Examiner: _Wallace L. Beard_

G.F. Kelley v. U.S. Xpress
D 002406
Defendant's Doc. Production

## Certificate of Compliance
### Verification of Single License Traffic Violation Reporting

#### Notice to Drivers

The Commercial Motor Vehicle Safety Act of 1986 provides for a new set of controls over the drivers of commercial vehicles. The new law applies to all drivers operating vehicles and combinations with a Gross Vehicle Weight rating over 26,000 pounds and to any vehicle regardless of weight transporting hazardous materials.

The following provisions of this legislation become effective July 1, 1987:
1. No driver may possess more than one license and no motor carrier may use a driver having more than one license. A limited exception is made for drivers who are subject to non-resident licensing requirements of any state. This exception does not apply after December 31, 1989.
2. A driver convicted of a traffic violation (other than parking) must notify the motor carrier AND the state which issued the license to that driver of such conviction within 30 days.
3. Any person applying for a job as a commercial vehicle driver must inform the prospective employer of all previous employment as the driver of a commercial vehicle for the past 10 years, in addition to any other required information about the applicant's employment history.
4. Any violation is punishable by a fine not to exceed $2500. In addition, the Federal Motor Carrier Safety Regulations now require that a driver who loses any privilege to operate a commercial vehicle or who is disqualified from operating a commercial vehicle must advise the motor carrier the next business day after receiving notification of such action.

---

### To Be Retained By Motor Carrier

#### Certification by Driver
I hereby certify that I have read and understand the driver provisions of the Commercial Motor Vehicle Safety Act of 1986, which became effective on July 1, 1987.

Driver's Name: RICKEY A. GROH    SS# ▅▅▅▅▅▅

Address: 6850 U.S. HWY 29 N. #23    Opelika, Al. 36804

License: State AL    Class A    License # 5171698

I further certify that the above commercial vehicle license is the only one held or that I have surrendered the following licenses to the states indicated.

State _____ Class _____ License # _____

State _____ Class _____ License # _____

Driver's Signature: _Rickey A. Keaton_

G.F. Kelley v. U.S. Xpress
D 002407
Defendant's Doc. Production

## U.S. XPRESS, INC.   XPRESS GLOBAL SYSTEMS

### CERTIFICATION OF ROAD TEST

Driver's Name: Rickey A. Deaton
Social Security No.: [redacted]
Commercial Driver's License No.: AL 5711648
State: AL   Location of Test: Wadley
Type of Power Unit: VOLVO   Type of Trailer(s): 53'

This is to certify that the above driver was given a road test under my supervision on Aug 24, 20 05, consisting of approximately 20 miles of driving.

It is my considered opinion that this driver possesses sufficient driving skills to operate safely the type of commercial motor vehicle listed above.

Signature of Examiner: Wallace L Bent   SAFETY DEPT

In compliance with D.O.T. regulation 395.2, you are hereby notified that you are relieved from any and all duty when making meal or routine stops while en route to a destination. The duration of your relief shall not be less than 30 minutes or more than 1 hour 30 minutes. The meal or routine stop may be logged as "off duty" time.

### CERTIFICATION OF

Instruction in the transportation of Hazardous Materials in accordance with use title 49, parts 397, 100-177 and the use of Emergency Response Guide Book.

Date: 8/24/05   Driver's Signature: Rickey A. Deaton

Instructor's Signature: _____   SAFETY DEPT

G.F. Kelley v. U.S. Xpress
D 002408
Defendant's Doc. Production

## NOTICE TO ALL DRIVERS

The cornerstone of any motor carrier safety program is driver compliance with logging regulations. These regulations assure a rested driver who is less likely to have an accident. As most of you are aware, the United States Department of Transportation and the various state enforcement agencies have an intensified enforcement program in regards to log compliance among drivers of tractor-trailer equipment.

One of the recurring problems is the falsification of daily logs by the drivers. Not only is this illegal, but it places the Carrier, and you, the Driver in a position to be fined for each violation by the U.S. DOT. We need your help in controlling these log violations.

Do not exceed your hours of service. Remember you must have a 10 hour break after 11 hours of driving, you cannot drive after having worked more than 14 consecutive hours and you cannot exceed 70 hours in 8 days. If you are having problems completing your logs as required by the DOT and the Company, contact the Safety Department. We appreciate and thank you for your continued cooperation.

Safety Department

### 7-Day Backlog

Full Name of Driver (Print): **Rickey A. Gleaton**

Social Security Number: ███████████████

Motor Vehicle Operators License Number: **5171698**

Type of License: **A**   Issuing State: **AL**   Exp. Date: **NOV. 05 2008**

| Day | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Total |
|---|---|---|---|---|---|---|---|---|
| Date | 8/17/05 | 8/18/05 | 8/19/05 | 8/20/05 | 8/21/05 | 8/22/05 | 8/23/05 | |
| Hours Worked | 10 | 12.25 | 0 | 0 | 5.75 | 12.25 | 10 | 50.25 |

I qualify for the 34-hour restart exception during this period, as I was off duty for over 34 consecutive hours from **9:00** am/**pm** **8/18/05** through **5:00** am/**pm** **08/21/05**.

I hereby certify that the information given above is correct to the best of my knowledge and belief, and that I was last relieved from work at:

_____  _____  _____  _____
Time                  Day                 Month                Year

Driver's Signature: *Rickey A. Gleaton*    Date: **24 Aug 2005**

G.F. Kelley v. U.S. Xpress
D 002409
Defendant's Doc. Production