IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| G.F. KELLY TRUCKING, INC.; and GUY KELLY, individually, </br></br>Plaintiff, </br></br>v. </br></br>U.S. XPRESS ENTERPRISES, INC., et al., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) </br></br>CIVIL ACTION NO: </br>3:06-CV-351-MEF |

## MOTION TO STRIKE

COMES NOW Defendant U. S. Xpress Enterprises, Inc. ("USX") and respectfully moves the Court to strike a portion of the deposition testimony submitted by Plaintiffs in support of their Response in Opposition to Defendant's Motion for Summary Judgment to the extent such testimony is inadmissible. As grounds for this Motion, USX says as follows:

1. On March 21, 2007, Plaintiffs served USX with Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment and with Plaintiffs' Evidentiary Submission in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment. USX's Reply to Plaintiffs' Response is being filed contemporaneously herewith.

2. In their Response, Plaintiffs argue that USX had improper contact with three of their customers, Wabash Alloys, Delphi and Bowater Paper. In support of their argument that USX contacted these customers, Plaintiffs submit the testimony of Nelson Chastain and Guy Kelly. [Plaintiffs' Response at pp. 21-34]. However, Chastain and Kelly's testimony is based on hearsay. They each testify that a customer "told" them that USX had contacted the customer.

[Chastain Depo. at p. 67, lines 7-23 and p. 68, lines 1-9; Kelly Depo. at p. 79, lines 15-23; p. 80, lines 1-9; p. 87, lines 14-23; p. 88, lines 1-16].

    3.    As the Eleventh Circuit has explained:

> The general rule is that inadmissible hearsay "cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990) (citing cases from six Circuits). Rule 56(e) of the Federal Rules of Civil Procedure requires that "affidavits" that support or oppose summary judgment motions "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." This rule also applies to testimony given on deposition. *See Randle v. LaSalle Telecomms., Inc.*, 876 F.2d 563, 570 n.4 (7th Cir.1989).

*Macuba v. Deboer*, 193 F.3d 1316, 1323-24 (11th Cir. 1999) (reversing denial of summary judgment). In *Macuba*, the court found that the district court had erred in considering the deposition testimony regarding out-of-court statements made by others to the deponent. The out-of-court statements were being offered for their truth and were not subject to any hearsay exception. Accordingly, they could not be presented at trial in admissible form and were not properly considered on summary judgment. *See Macuba*, 193 F.3d at 1321-25.

    4.    Here, the statements customers allegedly made to Chastain and Kelly are being offered by Plaintiffs for their truth: that USX contacted these customers. No hearsay exception applies to the customers' statements to Chastain and Kelly. *See* Fed. R. Evid. 801-803 (2007). Accordingly, the statements are rank hearsay and inadmissible at trial to the extent they are being offered for their truth. They should not be considered by this Court on summary judgment. *See Macuba*, 193 F.3d at 1321-25; Fed. R. Civ. P. 56(e) (2007). For this foregoing reason, USX respectfully moves the Court to strike the testimony of Chastain and Kelly cited by Plaintiffs on pages 31-34 of their Response because it is inadmissible hearsay.

B ERF 742413 v1
2016317-000055 3/28/2007

Respectfully submitted this 28th day of March, 2007.

/s/ Elizabeth R. Floyd
Lawrence B. Clark (CLA012)
David B. Hall (HAL052)
Elizabeth R. Floyd (FLO032)
Attorneys for Defendant
U.S. Xpress Enterprises, Inc.

Of Counsel:
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480

### Certificate of Service

I hereby certify that I have filed this document through the Court's CM/ECF electronic filing system and that the following persons will be served with notice of the filing on this the 28th day of March, 2007.

Jere L. Beasley
W. Daniel Miles
Clinton C. Carter
John Everett Tomlinson
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

/s/ Elizabeth R. Floyd
Of Counsel

3