IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| G.F. KELLY TRUCKING, INC. and<br>GUY KELLY, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. XPRESS ENTERPRISES, INC.,<br>et al.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 3:06cv00351-MEF<br>*<br>*<br>*<br>*<br>* |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO LIMIT EXPERT TESTIMONY

Come now Plaintiffs G.F. Kelly Trucking Inc. and Guy Kelly and respectfully request the Court to deny Defendant U.S. Xpress Enterprises, Inc.'s ("USX") Motion to Limit Expert Testimony. As grounds for Plaintiffs' opposition, Plaintiffs state as follows:

Despite Defendant USX's assertions, Plaintiffs' Expert Disclosure is in full compliance with Rule 26 (a)(2) of the *Federal Rules of Civil Procedure*. Pursuant to the Court's scheduling Order, Plaintiffs submitted their expert disclosure to Defendant USX on February 23, 2007 (See Exhibit "1"). For ease of reference, the requirements of what information an expert report must contain can be broken down into six items as follows:

> (1) how and why the expert reached an opinion, (2) what the expert relied upon when formulating an opinion, (3) exhibits to be used by the expert, (4) qualifications of the expert including publications, (5) expert compensation, and (6) a list of other cases in which the expert has testified previously. *Reed v. Binder,* 165 F.R.D. 424, 428-29 (D.N.J.1996); *D&D Associates, Inc. v. Board of Educ. of North Plainfield,* Not Reported in the F.Supp.2d, 2006 U.S. Dist. WL 1644742 (D.N.J. 2006).

Given the above-referenced criteria, Plaintiffs' Expert's report was a complete statement of all his opinions based on information he had available to him, or which was quantifiable by him at the time of disclosure. USX's assertion that Plaintiffs' Expert never discloses an opinion is obviously false. Plaintiffs' Expert clearly gives an opinion as to the total amount of Plaintiffs' alleged financial damages. Plaintiffs' Expert has also given the basis and reasons for his opinions as well as the materials he relied upon when formulating his opinions along with a listing of those materials or exhibits. Plaintiffs' Expert has stated his qualifications, compensation and a list of cases in which he has previously testified. USX erroneously states that Plaintiffs' Expert's report is inadequate because Plaintiffs' Expert does not state whether he has authored any publications and does not provide a list of any such publications. It would be difficult for Plaintiffs' Expert to provide a list of publications for which he has not written. Plaintiffs' Expert has not authored any publications to disclose to USX. Furthermore, the cases cited by USX to support its Motion are clearly not applicable to the present situation as they address obvious abuses of the discovery process.

Under *Fed.R.Civ.P. 26(a)(2)(C)* an expert's report is to be disclosed "at least 90 days before the trial date or the date the case is to be ready for trial" "[i]n the absence of other directions from the court or stipulation by the parties[.]" *St.-Gobain Corp. v. Gemtron Corp.*, Not Reported in the F.Supp.2d, 2006 U.S. Dist. WL 1307890 (D. Mich. 2006). Furthermore, Rule 26(e)(1) of the *Federal Rules of Civil Procedure* states "a party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional corrective information has not otherwise been made known

2

to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends to both information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due." *id*

In fact, prior to USX making its Expert Disclosure, Plaintiffs' Expert supplemented his original report with an Addendum. (See Addendum to Expert Disclosure of Plaintiffs attached as Exhibit "2"). Plaintiffs have not used this addendum as an attempt to extend any deadlines by which they may deliver the "lion share" of their expert information, but rather to quantify specific amounts that had previously been generally referred to in Plaintiffs' original expert report. This information does not significantly change the total damages represented in Plaintiffs' Expert's original report, but more accurately reflects the total damages based on the additional information. This additional information does not prejudice USX.

Plaintiffs' Expert Disclosure and Addendum were disclosed at least 90 days before trial and any future supplementation will be made, if necessary, in accordance with *Fed.R.Civ.P.*26(e)(1). Furthermore, On April 9, 2007, Defendant USX deposed Plaintiffs' Expert witness regarding his original expert report and his addendum. USX has also reserved the right in its expert disclosure to supplement its report based on the information contained in Plaintiffs' addendum. In addition, USX has the benefit of receiving this information prior to Plaintiffs taking the deposition of USX's expert witness. Plaintiffs have yet to depose USX's expert witness.

3

      The disclosure rules seek to "eliminate unfair surprise, avoid prejudice, and allow the opposing party to mount an appropriate response to the expert's possible testimony." *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 694 (M.D. Ala. 2000); *Williams v. Roberts*, 202 F.R.D. 294, 296 (D. Ala. 2001). It is clear that USX has not been unfairly surprised or prejudiced by Plaintiffs' Addendum and will have ample opportunity to address Plaintiffs' expert report and addendum either by supplementation of its own expert report or by the deposition testimony of its expert witness prior to trial.

      Therefore, USX's Motion to Limit Expert Testimony should be denied and Plaintiffs' Addendum to Expert Report should be allowed in supplement to Plaintiffs' original expert report as addressed under Rule 26(e)(1) of the *Federal Rules of Civil Procedure*.

      Respectfully submitted this 9th day of April, 2007.

      /s/ John E. Tomlinson  
      JOHN E. TOMLINSON (TOM014)  
      Attorney for Plaintiffs

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that the following persons will be served with this notice on this 9th day of April, 2007.

**ATTORNEYS FOR DEFENDANT**
Mr. David B. Hall
Elizabeth R. Floyd
Lawrence B. Clark
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203

/s/ John E. Tomlinson
Of Counsel