IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| G.F. KELLY TRUCKING, INC. and GUY KELLY, individually, | * * * |
| Plaintiffs, | * * |
| vs. | *  Civil Action No. 3:06cv00351-MEF * |
| U.S. XPRESS ENTERPRISES, INC., et al., | * * * |
| Defendants. | * |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Come now Plaintiffs' G.F. Kelly Trucking Inc. and Guy Kelly and respectfully request the Court to deny Defendant U.S. Xpress Enterprises, Inc.'s ("USX") Motion to Strike a portion of the deposition testimony submitted by Plaintiffs in support of their Response in Opposition to Defendant's Motion for Summary Judgment.  As grounds for Plaintiffs' opposition, Plaintiffs state as follows:

On March 21, 2007, Plaintiffs served USX with Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Evidentiary Submission in Support of Plaintiffs' Response. USX filed its Motion to Strike on March 28, 2007. On March 30, 2007, the Court ordered Plaintiffs to show cause in writing on or before April 9, 2007, as to why USX's motion should not be granted.  USX argues in its Motion to Strike that certain portions of Plaintiffs' submitted deposition testimony of Nelson Chastain and Guy Kelly should be stricken because it is allegedly based on hearsay. Specifically, USX points to Nelson Chastain's Deposition at page 67, lines 7-23;

page 68, lines 1-9; and Guy Kelly's deposition at page 79, lines 15-23; page 80, lines 109; page 87, lines 14-23; and page 88, lines 1-16.

Despite Defendant's assertions, the testimony presented by Plaintiffs, by definition, is not hearsay because the statement is not being offered to prove the truth of the matter asserted. Dennis Farnsworth, in his deposition, which was attached as an exhibit by USX in support of its Motion for Summary Judgment, alleged that he received "preapproval" or express permission from Guy Kelly or Nelson Chastain before he contacted a customer, and therefore, Plaintiffs knew in advance from USX that G.F. Kelly customers would be contacted by USX.[1] The deposition testimony presented by Plaintiffs provides evidence that Guy Kelly and Nelson Chastain did not know USX was going to contact its customers and only learned of USX's contact through other sources and not from Dennis Farnsworth or USX. In his deposition, Dennis Farnsworth testified as follows:

> Q   Would it have been appropriate for U.S. Express to contact G.F. Kelly customers during the due diligence process?
>
> A   Without permission of Guy Kelly, it would be inappropriate. **Any discussions with any customers were preapproved in advance by Guy Kelly or Nelson Chastain.**
>
> Q   Did you have any discussions with G.F. Kelly customers during the due diligence process?
>
> A   **Yes, I did**, with one customer.
>
> Q   Who was that?
>
> A   Wabash.
>
> Q   And is it your contention that you had G.F. Kelly's express permission to do that?

---

[1] See Deposition of Dennis Farnsworth attached as Exhibit "C" to Defendant's Motion for Summary Judgment, page 128, lines 6-25; page 129, lines 1-6.

2

> A       100 percent.
>
> Q       And do you recall an e-mail or a conversation or something that would evidence your assertion that you had 100 percent permission?
>
> A       I don't recall.
>
> Q       What's the basis for you saying you had 100 percent permission?
>
> A       Because every contact that I would have done, I would never contact anyone without prior approval of the owner.
>
> Q       Right. But I'm --
>
> A       That is how I operate.

(Deposition of Dennis Farnsworth, page 128, lines 6-25; page 129, lines 1-6)(emphasis added)

The testimony presented by Plaintiffs in their Response is used as rebuttal evidence to Dennis Farnsworth's testimony that he or USX received express permission from Plaintiffs to contact their customers, and is presented for that purpose. The Plaintiffs' testimony is clear that they did not learn of the discussions with G.F. Kelly customers from USX or Dennis Farnsworth. The testimony offered by Plaintiffs is not being used to prove that USX contacted G.F. Kelly customers. USX's representative, Dennis Farnsworth and USX have already established this fact through their own deposition testimony.

      Furthermore, USX makes overbroad hearsay assertions about the testimony cited by Plaintiffs on pages 31-34 of Plaintiffs' Response. Included in these pages of testimony are lines of testimony that do not reference "what a customer told them". These lines of testimony are not relevant to USX's hearsay argument and should not even be considered by the Court for the purposes of Defendant's Motion to Strike.

Therefore, based on Plaintiffs' argument above, USX's Motion to Strike should be denied.

Respectfully submitted this 9th day of April, 2007.

/s/ John E. Tomlinson
JOHN E. TOMLINSON (TOM014)
Attorney for Plaintiffs

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that the following persons will be served with this notice on this 9th day of April, 2007.

**ATTORNEYS FOR DEFENDANT**
Mr. David B. Hall
Elizabeth R. Floyd
Lawrence B. Clark
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203

/s/ John E. Tomlinson
Of Counsel