IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| G.F. KELLY TRUCKING, INC.; and GUY KELLY, individually, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO: 3:06-CV-351-MEF |
| U.S. XPRESS ENTERPRISES, INC., et al., ) ) ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO LIMIT EXPERT TESTIMONY**

COMES NOW Defendant U. S. Xpress Enterprises, Inc. ("USX") and replies to Plaintiff's Response in Opposition to USX's Motion to Limit Expert Testimony as follows:

1. Plaintiffs' Response contains nothing but conclusory arguments that they fail to support with citations to any portion of their expert report. Plaintiffs have failed to show that Sauls' report satisfies Rule 26(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2) (2007). Further, Plaintiffs have not even attempted to present substantial justification for their failure to comply with Rule 26 or to show that their failure was harmless. *See* Fed. R. Civ. P. 37(c)(1) (2007). Therefore, USX's Motion to Limit Expert Testimony is due to be granted.[1]

2. Plaintiffs first contend that USX falsely stated that Sauls never discloses an opinion as to the total amount of their damages (*See* Plaintiffs' Response at p. 2, 4th line from top). However, Plaintiffs never cite to or quote any portion of Sauls' report where he identifies

---

[1] As stated in USX's Motion to Limit Expert Testimony, USX may later move to strike all of the opinions of Edward W. Sauls pursuant to Rule 702 of the Federal Rules of Evidence and in accordance with the Court's Schedule Order deadline applicable to motions in limine.

the total amount of Plaintiffs' damages. In the report, the single amount that Sauls identifies pertains to only one of five elements of Plaintiffs' alleged damages, the purchase price supposedly due under the contract. Sauls writes: "G. F. Kelly Trucking, Inc. and Guy Kelly would have received, at closing, assets of approximately $1,600,000" (*See* Sauls' Report at middle of p. 4, attached as Exhibit A to USX's Motion to Limit Expert Testimony). Nowhere in his report does Sauls opine that $1,600,000 is the total amount of Plaintiffs' alleged damages.

3. Plaintiffs next contend that Sauls' report is a complete statement of all opinions. Plaintiffs, however, never cite to any portion of the report containing Sauls' opinion as to the four other elements of Plaintiffs' alleged damages. This is obviously because Sauls never gives an opinion as to the amount of the four other elements of damages. Sauls offers vague and sketchy remarks as to the third element, the diminution in the value of Plaintiffs' business, but Sauls never comes to a conclusion as to what the diminution actually is. Instead, Sauls writes that he needs additional documents to form the conclusion. With respect to the second element of damages, lost customers, Sauls likewise complains of unavailable information needed to form an opinion. In their Response, Plaintiffs never explain to the Court why they failed to provide their expert with the information and documents he claims he needed to form a complete opinion of their damages. As shown in USX's Motion and herein below, Plaintiffs' failure to supply the information and documents Sauls needed does not excuse their failure to provide a complete report.

4. As for the fourth and fifth elements of Plaintiffs' alleged damages -- "(4) Plaintiffs lost interest on monies owed under the contract and (5) the Plaintiff incurred substantial time and expense in negotiation of the Agreement" -- Sauls never goes further than listing them as elements of Plaintiffs' alleged damages (Sauls' Report at 1st page, attached to Plaintiffs'

B ERF 743814 v1
2016317-000055 4/12/2007

Evidentiary Submission). In their Response, Plaintiffs do not cite to any part of Sauls' report where he discusses these two damages elements or offers an opinion as to their value.

5.   Plaintiffs also contend that any inadequacy in their expert report was somehow remedied by the Addendum to Sauls' report. Plaintiffs argue that the Addendum is meant "to quantify specific amounts that had previously been generally referred to in Plaintiffs' original expert report" (*See* Plaintiffs Response at p. 3, 10th line from top). Plaintiffs thus admit that the original report was not "detailed and complete" as required by Rule 26. *See* Fed. R. Civ. P. 26, Advisory Comt. Notes to 1993 Amendments, Subdivision (a), Paragraph (2). Notwithstanding this admission, Plaintiffs' attempt at supplementation with the Addendum does not excuse their failure to comply with Rule 26. The Addendum asserts for the first time Sauls' opinion as to the current value of Plaintiffs' business and the diminution in value of Plaintiffs' business. (*See* Sauls' Addendum at second page, attached to Plaintiffs' Evidentiary Submission). Moreover, based upon a review of the documents Sauls attached to his Addendum, it is apparent that the information Sauls claims he relied on for these opinions is information that Plaintiffs possessed before Sauls provided his original report:

- DaimlerChrysler letters of deficiency

Although the Letters are dated March 22, the Letters read that DaimlerChrysler "previously advised [Plaintiffs] of the deficiency balance that exists on your account" (*See* DaimlerChrysler letters at 2nd line of only para., attached to Sauls' Addendum). The Letters set forth the amount of the payments that Plaintiffs were making toward the deficiency, but Plaintiffs obviously knew all along the amount of the payments since Plaintiffs were the ones making the payments.[2]

---

[2]   Moreover, nowhere in Sauls' Addendum does he refer to the amount of the payments Plaintiffs were making (*See* Sauls' Addendum, attached to Plaintiffs' Evidentiary Submission). All Sauls references is the amount

3

- Navistar Order

The Order is dated March 9, and it sets forth the amount of a consent judgment in an action by Navistar against Plaintiffs. A consent judgment is by its very nature a judgment that the parties consented to in advance of the order. Thus, Plaintiffs knew the amount of the judgment that was to be entered against them before the Order was entered.

- Complaints

The VFS Leasing Complaint was filed on July 19, 2006 - long before Sauls provided his original report. The Omni National Bank Complaint was filed on November 4, 2005 - again, long before Sauls provided his original report.

- Schedule of Kelly Owned Tractors

Plaintiffs obviously knew which tractors they owned at the time Sauls provided his original report.

- October 6, 2006, letter from Lufkin Trailers

Plaintiffs obviously possessed this letter on or about October 6, 2006 - long before Sauls provided his original report. In fact, the facsimile line at the top of the page shows that it was faxed to Plaintiff Kelly on October 6, 2006.

(*See* documents attached to Sauls' Addendum, submitted with Plaintiffs' Evidentiary Submission). If the above information was unavailable to Sauls at the time of his original report, it was only because Plaintiffs did not provide the information to Sauls. Plaintiffs' failure to supply the information their expert needed is not justification for the failure of the expert report to comply with Rule 26. *See Saint-Gobain Corp. v. Gemtron Corp.*, No. 1:04-cv-387, 2006 WL

---

of the deficiency, which is not set forth in the Letters (*See id.* at first page). Sauls does not state the factual basis for the DaimlerChrysler, Omni National Bank or VFS Leasing deficiency balances that he identifies in the Addendum (*See id.*). That critical omission is yet another way that even the Addendum fails to comply with Rule 26(a)(2).

4

1307890 at *1-*2 (W.D. Mich. 2006) (granting defendant's motion to strike plaintiff's expert report; "if [the expert's] analysis was incomplete, it was incomplete because [the plaintiff] did not provide its own expert with enough of its own financial information and not because of a lack of information from [the defendant].").

6.      Nor does Plaintiffs' attempt at supplementation remedy the prejudice to USX. Plaintiffs served the Addendum on March 22, only one day before USX's expert disclosures were due, and the Addendum still does not include a complete statement of all opinions or the factual basis for the opinions (*See* Sauls' Addendum, attached to Plaintiffs' Evidentiary Submission).[3] While Sauls appears to have addressed damages associated with element two -- lost customers -- into an opinion as to element three -- the diminution on the value of Plaintiffs' business -- Sauls does not offer an opinion as to damages elements four and five (*See* Addendum at second page, attached to Plaintiffs' Evidentiary Submission). Because even the Addendum is incomplete, taking Mr. Sauls' deposition did not remedy Plaintiffs' violation. Moreover, in their Response, Plaintiffs still claim that they have a right for "future supplementation" in accordance with Rule 26(e)(1) (*See* Plaintiffs Response at p. 3, 7th line from bottom). The prejudice to USX is therefore obvious: USX is presented with a moving target and does not know all opinions that Plaintiffs' expert will offer at trial as to the damages they claim from USX. USX did not have benefit of all of Sauls' opinions or the basis for those opinions when it was required to disclose its rebuttal expert's opinions pursuant to the Court's Scheduling Order.

6.      Finally, Plaintiffs contend that the cases cited by USX "are clearly not applicable" (See Plaintiffs' Response at p. 2, 10th line from bottom). Plaintiffs, however, fail to provide any

---

[3]     See footnote 1.

B ERF 743814 v1
2016317-000055 4/12/2007

analysis showing how the cases are distinguishable and further fail to show that the general principles applied by the court in each of those cases are incorrect.

7. In summary, Plaintiffs' expert, Edward W. Sauls, identified five separate elements of damages and wrote that he was retained to offer an opinion as to those damages. However, the expert offered an opinion as to only one of the damages elements he identified. Sauls' only reason for not offering a complete statement of all his opinions was the unavailability of documents. The documents Sauls claims he needed were documents only Plaintiff could provide and were in Plaintiffs' possession. In their Response, Plaintiffs offer no excuse for their failure to provide Sauls with the information he claims he needed to provide a complete report. Their failure does not justify the inadequacy of Sauls' report. Further, as shown herein, Sauls' Addendum is not a remedy for Plaintiffs' violation of Rule 26. For the reasons discussed herein and in its Motion, USX respectfully requests that the Court enter an order limiting the expert testimony Plaintiffs may present at trial to the sole opinion offered in Sauls' original report. *See Williams v. Roberts*, 202 F.R.D. 294, 298-97 (M.D. Ala. 2001) (limiting expert testimony to conclusions stated in initial report); *Bowman v. Hawkins*, No. Civ. A. 04-00370-CG-B, 2005 WL 1527677 at *2 (S.D. Ala. June 28, 2005) (same); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (same); *Keener v. United States*, 181 F.R.D. 639, 642 (D. Mont. 1998) (same); Fed. R. Civ. P. 37(c)(1) (2006).

Respectfully submitted this 16th day of April, 2007.

        s/ Elizabeth R. Floyd
Lawrence B. Clark (CLA012)
David B. Hall (HAL052)
Elizabeth R. Floyd (FLO032)
Attorneys for Defendant
U.S. Xpress Enterprises, Inc.

B ERF 743814 v1
2016317-000055 4/12/2007

Of Counsel:
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480

### Certificate of Service

I hereby certify that I have filed this document through the Court's CM/ECF electronic filing system and that the following persons will be served with notice of the filing on this the 16th day of April, 2007.

Jere L. Beasley<br>
W. Daniel Miles<br>
Clinton C. Carter<br>
John Everett Tomlinson<br>
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.<br>
P. O. Box 4160<br>
Montgomery, Alabama 36103-4160

s/ Elizabeth R. Floyd
Of Counsel